598 A.2d 578

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Frances E. PARK, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 1991.

Decided June 3, 1991 (Previously filed as non-reported).

Publication Ordered Oct. 21, 1991.

8

Timothy P. Wile, for appellant.

Martin Knoblauch, for appellee.

Before CRAIG, President Judge, and PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

CRAIG, President Judge.

The Department of Transportation, Bureau of Driver Licensing (department) appeals from an order of the Court of Common Pleas of Philadelphia County sustaining the appeal of Frances E. Park from a one-year license suspension imposed by the department for refusing to submit to a breathalyzer test in violation of section 1547(b) of the Vehicle Code (code), 75 Pa.C.S. § 1547(b).

The only issue in this case is whether, at the time of the arrest, the police officer had reasonable grounds to believe that Park was operating or otherwise in control of the movement of a motor vehicle while under the influence of alcohol.

The record indicates that the department notified Park on May 2, 1989, that her operating privilege would be suspended for one year pursuant to 75 Pa.C.S. § 1547, as a result of her refusal to submit to chemical testing on March 28, 1989. Park appealed to the Court of Common Pleas of Philadelphia County which conducted a *de novo* hearing on December 13, 1989.

In an order dated January 19, 1990, the trial court determined that, at the time of the arrest, the police officer did not have reasonable grounds to believe that Park operated a vehicle while under the influence of alcohol, and therefore revoked the suspension. This appeal followed.

Our review of a trial court order reversing a driver's license suspension for failing to submit to chemical testing is limited to determining whether the court's findings are supported by competent evidence, whether an error of law has been committed or whether there was a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Krishak*, 91 Pa.Commonwealth Ct. 307, 496 A.2d 1356 (1985).

The record indicates that at the hearing, Officers Pawanda and Lamb testified for the department. Officer Pawanda testified that on March 28, 1989, he arrived at the scene of an accident and determined that a car, traveling north,

had crossed the highway and struck a parked van. Officer Pawanda testified that, when he arrived at the accident, no one was in the car; however, two females, Park and Walsh, were standing outside of the car. Officer Pawanda asked the women who was driving the car. Officer Pawanda testified that both Park and Walsh denied driving the car and accused each other. Officer Pawanda testified that both women had a strong odor of alcohol on their breath.

During his investigation of the accident, Officer Pawanda noticed that the windshield on the passenger side of the car was cracked. Officer Pawanda testified that he saw blood coming from Walsh's head, but did not observe any injuries on Park. The officer then determined that because Walsh was injured she was the passenger in the vehicle and Park was the driver. The officer then arrested Park and took her to the police station.

Officer Lamb testified that, at the police station, he advised Park of the implied consent law and warned her that her license would be suspended for one year if she refused to submit to a chemical test. Officer Lamb asked Park to submit to a breathalyzer test. According to Officer Lamb, Park responded "[n]o, I wasn't driving. I don't think I have to take a breathalyzer if I wasn't driving." Additionally, Officer Lamb testified that he did not observe any injuries on Park.

Park also testified at the hearing. Park admitted she was drunk at the time of the accident. However, she stated that Walsh, not she, was the driver of the vehicle at the time of the accident. Park said that her head hit the passenger side of the windshield causing it to crack.

Park testified that when Officer Pawanda arrived at the accident, she did not inform him that she had an injury to her head. Additionally, she testified that the marks on her head were not visible and were not discovered until several hours after her arrest. She described her injuries as consisting of small contusions and the inability to remember events for about a week. On cross-examination, Park testified that Walsh's head was bleeding.

Based on the above testimony, the trial court determined that because Park incurred injuries, those injuries should have indicated to the police officer that she had been the passenger in the vehicle. Hence, the trial court held that the police officer did not have reasonable grounds to believe that Park operated the vehicle while under the influence of alcohol.

■  However, the test for determining whether an officer had reasonable grounds to believe a motorist operated a motor vehicle while under the influence of alcohol is not demanding. *Keane v. Department of Transportation*, 127 Pa.Commonwealth Ct. 220, 561 A.2d 359 (1989). If a reasonable person in the position of the arresting officer, viewing the facts and circumstances as they appeared to the arresting officer, could have concluded that the motorist operated the vehicle while under the influence of alcohol, reasonable grounds are established. *Department of Transportation, Bureau of Driver Licensing v. Terreri*, 114 Pa.Commonwealth Ct. 208, 538 A.2d 639 (1988).

■  In this case, all the witnesses testified that Park did not have any noticeable injuries. Additionally, all the witnesses agreed that Walsh had blood coming from her head. Because the windshield on the passenger side of the car was cracked, and Walsh had an obvious injury to her head, we cannot agree with the trial court's determination that Officer Pawanda did not have reasonable grounds to believe that Park operated the vehicle under the influence of alcohol. There is substantial competent evidence to show that the arresting officer acted reasonably. *Department of Transportation, Bureau of Driver Licensing v. Michener*, 119 Pa.Commonwealth Ct. 21, 545 A.2d 1009 (1988).

Therefore, because Park refused to submit to chemical testing, the department properly suspended her operating privilege.

Accordingly, the order of the common pleas court is reversed and the one-year suspension is reinstated.