Thomas HELT

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 9, 2004.

Decided Aug. 6, 2004.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Lawrence R. Dworkin, Chester, for appellee.

BEFORE: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, and COHN, Judge.

OPINION BY Judge LEADBETTER.

■ The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the August 20, 2003, order of the Court of Common Pleas of Delaware County (trial court), which sustained the appeal of Thomas Helt (Helt) and vacated DOT's one-year suspension of Helt's operating privilege imposed pursuant to Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1).[1] The sole issue presented in this case is whether the arresting officer had reasonable grounds to believe that Helt was operating a vehicle under the influence of alcohol.

The trial court, following a trial *de novo*, found the following relevant facts. On February 12, 2002, at approximately 2:15 a.m., Corporal Kenneth F. Massey of the Upper Chichester Township Police Department was dispatched to investigate a one-vehicle accident. Upon arriving at the scene, Corporal Massey observed a brown van that had struck a telephone pole. The van was unoccupied, but Corporal Massey saw a man sitting nearby on the curb.

---

1. Section 1547 of the Vehicle Code authorizes DOT to suspend the driving privileges of a licensee for one year where the licensee is placed under arrest for driving under the influence of alcohol, and the licensee refuses a police officer's request to submit to chemical testing.

Corporal Massey had been acquainted with the man for years and knew that his last name was Jordan. Corporal Massey also saw a woman who had stopped at the accident scene standing outside her vehicle.

Corporal Massey questioned Jordan, who told Corporal Massey that he had been a passenger in the van; Jordan said that "Tom" was driving the vehicle and that Tom lives at Bender Drive. Jordan provided no other details, and Corporal Massey did not request further information from him. Corporal Massey then proceeded to question the woman at the scene, Kara Maggio. Maggio told Corporal Massey that she came upon the accident and saw a white male standing in the street near the van. The man had asked Maggio for a ride to his home, and Maggio provided it.

Accompanying Corporal Massey in his police vehicle, Maggio directed police approximately 2/10 of a mile to 605 Bender Drive, the house where Maggio had dropped off the other man only a short time before. Corporal Massey and Maggio approached the house and were able to see Helt through the front window; Maggio identified Helt as the person she had driven from the accident scene. Helt also was known to Corporal Massey from previous contacts.

Corporal Massey knocked on the door, and, when Helt answered, Corporal Massey asked if he and the other officers with him could enter the house. Helt permitted the officers to enter, and the officers proceeded to question Helt about his involvement in the accident. In response, Helt denied any involvement, stating that he had been home all night. Corporal Massey observed that Helt's eyes were red and glassy and that he had a very strong odor of alcohol on his breath. Corporal Massey was unable to gauge Helt's balance be-

cause Helt was bothered by a foot injury, unrelated to the accident, which affected his ability to stand. Corporal Massey placed Helt under arrest for driving under the influence (DUI).

The police then transported Helt to police headquarters. On the way, they stopped at the scene of the accident, where Jordan identified Helt as the driver of the van. After arriving at the police station, Corporal Massey read Helt the requisite implied consent warnings from the DL–26 form and requested that Helt take a breath test. Helt refused to submit to the testing.

By notice dated September 12, 2002, DOT informed Helt that his driving privilege was being suspended for a period of one year, effective October 17, 2002, based on his February 12, 2002, refusal to submit to a chemical test. Helt filed an appeal from that suspension, which the trial court sustained, concluding that DOT failed to offer sufficient evidence to sustain its burden of proof. Specifically, the trial court held that DOT's evidence did not establish that Corporal Massey had reasonable grounds to believe that Helt was driving the van involved in the accident while under the influence of alcohol. Common pleas stated:

> In the instant case, the evidence showed that without any explanation, valid or otherwise, the police chose to believe the self-serving statements of an individual at the scene of a one-vehicle accident to the effect that he was not the driver and to focus their investigation solely upon an individual who at best could be placed at the accident scene but without any corroborating evidence of his involvement in the incident.

*Commonwealth v. Helt,* (No. 02–11435, filed October 31, 2003), common pleas op. at 6. DOT now appeals to this court, arguing that the trial court erred in ruling that

DOT failed to prove that Corporal Massey had reasonable grounds to believe that Helt was operating the van while intoxicated.

■ It is well-established that in order to sustain a suspension of operating privileges under Section 1547 of the Vehicle Code, the Bureau must establish that the licensee: (1) was arrested for driving under the influence by a police officer who had reasonable grounds to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that refusal might result in a license suspension. *Banner v. Dep't of Transp., Bureau of Driver Licensing,* 558 Pa. 439, 445, 737 A.2d 1203, 1206 (1999). The last three elements are not here in issue, only the first.

■ Unquestionably, the Bureau must as a threshold matter establish that the arresting police officer had reasonable grounds to believe that the licensee operated or physically controlled the vehicle's movement while under the influence of alcohol. In assessing whether it has met this burden, we consider the totality of the circumstances and determine, as a matter of law, whether a person in the position of the arresting officer could have reasonably reached this conclusion. *Banner,* 558 Pa. at 446-447, 737 A.2d at 1207. We do not require the same quantum of proof necessary to establish probable cause for a criminal prosecution, *id.,* and it is not necessary that the police officer's belief ultimately prove correct. *Dep't of Transp., Bureau of Driver Licensing v. Malizio,* 152 Pa.Cmwlth. 57, 618 A.2d 1091, 1094 (1992). Reasonable grounds exist if the officer could have concluded that the licensee drove the vehicle. *See Banner,* 558 Pa. at 446, 737 A.2d at 1207. An officer's

belief that the licensee was driving will justify a request to submit to chemical testing if one reasonable interpretation of the circumstances supports the officer's belief. *See also, Vinansky v. Dep't of Transp., Bureau of Driver Licensing,* 665 A.2d 860, 863 (Pa.Cmwlth.1995). Because this is an issue of law, our review is plenary.

Based upon the historical facts found by common pleas, recounted above, we have no hesitancy in concluding that Corporal Massey's belief that Helt was the driver of the van was reasonable. Significantly, common pleas accepted as truthful the officer's testimony concerning his observations. That is where common pleas' role as fact-finder ended. Common pleas erred in substituting its judgment as to what inference should be drawn from the circumstances the officer observed; the test is whether the officer's conclusion was reasonable as a matter of law, not whether common pleas might have concluded otherwise had he stood in the officer's shoes. This is particularly true since Corporal Massey, not the trial court, observed the demeanor, appearance and behavior of Helt, as well as that of Jordan and Maggio, on the night of the incident. Those observations were sufficient to support the officer's reasonable belief that Helt drove the vehicle while intoxicated and, therefore, justified the request that he submit to chemical testing.

Accordingly, we reverse.

### ORDER

AND NOW, this 6th day of August, 2004, the order of the Court of Common Pleas of Delaware County, dated August 20, 2003, in the above captioned matter is hereby REVERSED, and the suspension of Thomas Helt's operating privileges is REINSTATED.

DISSENTING OPINION BY Judge FRIEDMAN.

As stated by the majority, the sole issue presented in this driver's license suspension case is whether the arresting officer, Corporal Kenneth F. Massey, had reasonable grounds to believe that Thomas Helt (Helt) was operating a vehicle under the influence of alcohol. Because I believe that the answer is no, I respectfully dissent.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), acting pursuant to section 1547 of the Vehicle Code,[1] suspended Helt's operating privilege for one year because Helt refused to submit to chemical testing after his February 12, 2002, arrest for driving under the influence of alcohol (DUI). Helt appealed the suspension, and the Court of Common Pleas of Delaware County (trial court) held a trial *de novo*. The trial court's findings can be summarized as follows.

Corporal Massey arrived at the scene of a one-vehicle accident and observed an unoccupied van that had struck a telephone pole. A man known to Corporal Massey as Jordan was sitting near the van, and a woman, Kara Maggio, had stopped at the accident scene. Jordan stated that he had been a passenger in the van and that "Tom," who lives at Bender Drive, had been driving the van. Jordan provided no other details, and Corporal Massey did not request further information from him. Maggio told Corporal Massey that another man had been at the accident scene, and Maggio had given the man a ride to his home. Maggio directed police to 605 Bender Drive and identified Helt through the front window as the person she had driven from the accident scene. Helt, who was known to Corporal Massey from prior contacts, permitted officers to enter the home, and, in response to questioning, Helt denied any involvement in the accident. Corporal Massey observed that Helt's eyes were red and glassy and that he had a very strong odor of alcohol on his breath, but Corporal Massey was unable to gauge Helt's balance because a foot injury, unrelated to the accident, affected Helt's ability to stand. Corporal Massey placed Helt under arrest for DUI, and, on the way to police headquarters, they stopped at the scene of the accident, where Jordan identified Helt as the driver of the van. At the police station, Corporal Massey read Helt the requisite implied consent warnings and requested that Helt take a breath test, which Helt refused to do.

Based on these facts, the trial court sustained Helt's appeal from his suspension, concluding that DOT failed to offer evidence sufficient to support the first element of its burden of proof.[2] That is, the trial court held that DOT's evidence did not establish that Corporal Massey had

1. 75 Pa.C.S. § 1547. Section 1547 of the Vehicle Code authorizes DOT to suspend the driving privileges of a licensee for one year where the licensee is placed under arrest for driving under the influence of alcohol, and the licensee refuses a police officer's request to submit to chemical testing.

2. To establish a prima facie case in support of a suspension of operating privileges under section 1547 of the Vehicle Code, DOT must establish that the licensee: *(1) was arrested for driving under the influence by a police officer who had reasonable grounds to believe that the* licensee *was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol;* (2) *was asked to submit to a chemical test;* (3) *refused to do so;* and (4) *was warned that refusal might result in a license suspension.* Banner v. Department of Transportation, Bureau of Driver Licensing, 558 Pa. 439, 737 A.2d 1203 (1999). The trial court determined that DOT's evidence unequivocally established the final three elements of its prima facie case.

reasonable grounds to believe that Helt was driving the van involved in the accident while under the influence of alcohol. Noting that Corporal Massey arrested Helt based *solely* on Jordan's statements identifying Helt as the van's driver, the trial court stated:

> In the instant case, the evidence showed that *without any explanation,* valid or otherwise, the police chose to believe the self-serving statements of an individual at the scene of a one-vehicle accident to the effect that he was not the driver and to focus their investigation solely upon an individual who at best could be placed at the accident scene but without any corroborating evidence of his involvement in the incident.

(Trial ct. op. at 6) (emphasis added). Unlike the majority, I do not believe that the trial court erred or abused its discretion in applying such reasoning.[3]

Whether reasonable grounds exist is a question of law reviewable by the court on a case by case basis. *Department of Transportation, Bureau of Driver Licensing v. Malizio,* 152 Pa.Cmwlth. 57, 618 A.2d 1091 (1992). However, the test applied for determining whether an officer had reasonable grounds to believe a motorist operated a vehicle while under the influence of alcohol is not very demanding. *Gasper v. Department of Transportation, Bureau of Driver Licensing,* 674 A.2d 1200 (Pa.Cmwlth.), *appeal denied,* 546 Pa. 666, 685 A.2d 546 (1996). If a reasonable person in the position of the arresting officer, viewing the facts and circumstances as they appeared to the arresting officer, could have concluded that the motorist operated the vehicle while under the influence, reasonable grounds are established.

*Banner v. Department of Transportation, Bureau of Driver Licensing,* 558 Pa. 439, 737 A.2d 1203 (1999); *Department of Transportation, Bureau of Driver Licensing v. Park,* 143 Pa.Cmwlth. 7, 598 A.2d 578 (1991). It is not necessary that the officer, or any witnesses, see the motorist operating the vehicle. Moreover, an officer's reasonable belief will not be rendered ineffective if later discovery might disclose that it was erroneous. *Malizio; Department of Transportation, Bureau of Driver Licensing v. Cantanese,* 111 Pa.Cmwlth. 128, 533 A.2d 512 (1987). The police officer's belief must only be objective in light of the surrounding circumstances, and the existence of reasonable alternative conclusions does not necessarily preclude the officer's actual belief from being reasonable. *McCallum v. Commonwealth,* 140 Pa.Cmwlth. 317, 592 A.2d 820 (1991).

Here, in concluding that DOT's evidence failed to satisfy even these undemanding standards for establishing reasonable grounds, the trial court focuses on Corporal Massey's *unexplained* acceptance of Jordan's statement that he was a passenger in the van and that the van was driven by Helt. Although I do not question Corporal Massey's right to rely on Jordan's self-serving statement in formulating his belief as to the driver of the vehicle, I agree that the trial court had no basis to conclude that such belief was reasonable absent some explanation or other corroborating evidence. That was not present here.

Indeed, during his testimony, Corporal Massey stated that, in pursuing Helt, he was going on Jordan's statement that he wasn't driving. Simply, Jordan made the statement that Helt was driving, and Corporal Massey believed him. (Hearing of

---

**3.** Our scope of review in a license suspension case is limited to determining whether necessary findings are supported by competent evidence of record and whether the trial court committed an error of law or abused its discretion in making its decision. *Todd v. Department of Transportation, Bureau of Driver Licensing,* 555 Pa. 193, 723 A.2d 655 (1999).

April 29, 2003, N.T. at 32; R.R. at 44a.) Corporal Massey admitted that he observed nothing at the accident scene or at Helt's home to corroborate Jordan's statement. While Corporal Massey clearly believed that Jordan's word was enough to identify Helt as the driver, I submit that this self-serving statement, by itself, falls far short of supporting a *reasonable* belief that Helt drove the van while under the influence of alcohol, thereby justifying Corporal Massey's request that Helt submit to chemical testing.[4]

Accordingly, I would affirm the order of the trial court.

President Judge COLINS and Judge SMITH–RIBNER join in this dissenting opinion.

4. DOT argues that Corporal Massey had every right to accept the word of someone he had known for years and, thus, knew to be trustworthy. *If* Corporal Massey had indicated that this was why he accepted Jordan's statement, I might agree that Corporal Massey's unquestioned acceptance of Jordan's version of events was reasonable. However, that did not happen here. As the majority points out, the trial court found that Corporal Massey genuinely believed Jordan concerning the identity of the van's driver. Nevertheless, the trial court would not conclude the belief was reasonable as a matter of law because, other than Jordan's self-serving statement, the record provided no basis for that belief. Unlike the majority, I do not believe this was error.