**William SCHLAG, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 10, 2008.

Decided Jan. 7, 2009.

---

Thomas J. Lyons, Pittsburgh, for appellant.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this license suspension appeal, William Schlag (Licensee) asks whether the Court of Common Pleas of Allegheny County (trial court) erred in dismissing his statutory appeal of the Department of Transportation, Bureau of Driver Licensing's (PennDOT) 18–month suspension of his driving privilege for refusing to submit to a chemical test.[1] Licensee argues the trial court erred in determining the arresting officer had reasonable grounds to request Licensee to submit to chemical testing. He also asserts the arresting officer's actions violated Article I, Section 8 of the

---

**1.** *See* Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547. Section 1547 is commonly referred to as the "Implied Consent Law." This Section states any person who drives a vehicle in the Commonwealth is deemed to have given his consent to one or more chemical tests of breath, blood or urine for purposes of determining blood alcohol content if a police officer has reasonable grounds to believe the person drove the vehicle under the influence of alcohol or a controlled substance. Section 1547(b)(1)(i) states, "If any person placed under arrest [for driving under the influence of alcohol] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer the department shall suspend the operating privilege of the person ... for a period of 12 months." 75 Pa.C.S. § 1547(b)(1).

Pennsylvania Constitution. Finally, Licensee contends the trial court abused its discretion by formulating its own opinion extraneous to the testimony of the arresting officer. Upon review, we affirm.

In December 2006, PennDOT notified Licensee of an 18–month suspension of his operating privilege based on his reported refusal to submit to chemical testing. Licensee filed a statutory appeal with the trial court.

At a *de novo* hearing before the trial court, PennDOT presented the testimony of Ross Township Police Officer David Eckels. Officer Eckels testified he received a radio dispatch from the County 911 center, pertaining to a hit-and-run accident. Dispatch informed Officer Eckels the driver of the vehicle struck in the accident (Complainant) followed the vehicle that collided with him to a certain location. According to Officer Eckels, Complainant followed the vehicle to Licensee's residence and confronted Licensee. While outside Licensee's residence, Complainant observed a green Ford Taurus, the same vehicle that collided with him. In addition, Complainant informed Officer Eckels of his observations of Licensee's slurred speech and the smell of alcohol on Licensee's breath.

Officer Eckels then examined the green Ford Taurus. Concerned with possible injuries to Licensee, Officer Eckels proceeded to enter Licensee's residence. After announcing his presence and receiving no response, Officer Eckels entered Licensee's residence where he found Licensee awake in a living room chair. Officer Eckels proceeded to question Licensee's condition, and he observed slurred speech, bobbing, swaying, blood shot eyes, a flushed facial appearance and a strong odor of alcohol on Licensee's breath. Officer Eck-

els requested Licensee perform field sobriety tests, involving the one leg stand, finger count and recitation of the alphabet. Licensee failed each field sobriety test.

Officer Eckels placed Licensee under arrest for suspicion of driving under the influence of alcohol (DUI). After Officer Eckels transported Licensee to a hospital for a chemical blood test, Licensee refused to submit to such testing. Officer Eckels provided Licensee with the DL–26 Form, and Officer Eckels read the form verbatim to Licensee.

In response, Licensee presented the testimony of John Kovacik, who was with him on the day of the incident. In addition, Licensee testified on his own behalf. Both Licensee and Kovacik testified Licensee's wife was driving the vehicle on the night of his DUI arrest. Licensee acknowledged he spoke with Complainant at his residence. Licensee further testified he consumed "three or four Tylenol PM's and a beer and a half, maybe two beers" after he arrived back at his residence. Notes of Testimony (N.T.), 1/10/07, at 62. He testified he could not remember "anything after being put in the police car until I was awakened in the cell of Ross Township." *Id.* at 63.

Ultimately, the trial court issued an order dismissing Licensee's statutory appeal. Licensee appealed to this Court.

On April 17, 2008, the trial court directed Licensee to file a statement of matters complained of on appeal. Licensee did not seek to enlarge the time for filing. Licensee filed his statement on June 6, 2008, 50 days after the trial court's order. In response, the trial court issued an opinion responding to issues raised in Licensee's statement. This matter is now before us for disposition.

On appeal,[2] Licensee argues the trial court erred in determining the arresting officer had reasonable grounds to request Licensee to submit to chemical testing or to believe Licensee was in actual physical control of a vehicle while under the influence of alcohol. He also asserts the arresting officer's actions here violated Article I, Section 8 of the Pennsylvania Constitution. Finally, Licensee contends the trial court abused its discretion by formulating its own opinion extraneous to the testimony of the arresting officer.

■ PennDOT responds Licensee waived all the issues raised in his brief to this Court because, among other things, he did not file a timely statement of matters complained of on appeal as directed by the trial court, and he did not raise the issues he now raises in the 1925(b) Statement he eventually filed.

As to PennDOT's contention that Licensee waived all issues on appeal because he did not file a timely statement of matters complained of on appeal, failure to timely file a 1925(b) statement, when directed to do so by the trial court, results in automatic waiver of all issues on appeal. See *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005); *Commonwealth v. Schofield*, 585 Pa. 389, 888 A.2d 771 (2005); *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998). This Court previously held, "[p]ursuant to *Castillo* and *Schofield*, if an appellant fails to comply with a trial court order by filing a timely Concise Statement of Matters Complained of on Appeal as required by Pa. R.A.P.1925, all issues are waived." *Commonwealth v. Holtzapfel*, 895 A.2d 1284, 1287 (Pa. Cmwlth.2006).

Nevertheless, our Superior Court, speaking through then-Judge (now Justice) McCaffery, explained:

[A]n *en banc* panel of this Court has recently held, strict application of the bright-line rule in *Lord* necessitates strict interpretation of the rules regarding *notice* of Rule 1925(b) orders. *Commonwealth v. Davis*, 867 A.2d 585, 588 (Pa.Super.2005) (*en banc*). The Pennsylvania Rules of Civil Procedure require the prothonotary to give written notice of the entry of a court order to each party and to note on the docket that notice was given. Specifically, Rule 236 provides, in relevant part, as follows: **Rule 236. Notice by Prothonotary of Entry of Order, Decree, or Judgment** (a) The prothonotary shall immediately give written notice of the entry of

\* \* \*

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment. (b) The prothonotary shall note in the docket the giving of the notice.... Pa. R.C.P. 236; *see also Forest Highlands Community Association v. Hammer*, 879 A.2d 223, 227 (Pa.Super.2005); *Laws v. Laws*, 758 A.2d 1226, 1228 (Pa.Super.2000).

If the docket does not show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will not conclude that the appellant's *issues have been waived for failure to file a Rule 1925(b) statement. Forest Highlands Community Association, supra* at 229; *Laws, supra* at 1228. That a party may have actually received no-

---

**2.** Our review is limited to determining whether the trial court committed an error of law or abused its discretion, and whether necessary findings of fact were supported by substantial evidence. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 946 A.2d 167 (Pa.Cmwlth.2008).

tice is not determinative under circumstances where the docket does not reflect that notice was sent. *See Frazier v. City of Philadelphia,* 557 Pa. 618, 621–22, 735 A.2d 113, 115 (1999) (reiterating that the procedural rules are designed to "promote clarity, certainty and ease of determination" and to eliminate the need for the appellate court to engage in a case-by-case factual determination of whether an appeal was perfected in timely manner).

In the case *sub judice, there is no notation on the docket that [the appellant] was served with notice of the trial court's Rule 1925(b) order. . . .*

On this record, we decline to conclude that [the appellant] has waived all her issues on appeal for failure to file a timely Rule 1925(b) statement. Our Supreme Court has interpreted the rules surrounding Rule 1925(b) statements very strictly and has not hesitated to find waiver when a party does not conform precisely to these rules. *See, e.g., Schofield, supra* at 393–94, 888 A.2d at 773–74. Fairness dictates that we should also strictly interpret the rules applicable to the court. *See Davis, supra* at 588 (concluding that if the court is going to be strict in holding appellants to the dictates of *Lord,* the court "should also be strict in requiring the trial court and clerk of courts to comply with the rules regarding notice of Rule 1925(b) orders"). *Because the docket does not show that notice of the court order to file a Rule 1925(b) statement was served on the parties, as required by Pennsylvania Rule of Civil Procedure 236(b), we decline to conclude that [the appellant] has waived her issues on appeal.*

*In re L.M.,* 923 A.2d 505, 509–510 (Pa.Super.2007) (emphasis added) (footnote omitted). We agree with our Superior Court's

rationale, and we believe the Court's reasoning mandates the same result here.

More particularly, here, as in *L.M.,* there is no notation on the docket that Licensee was served with a copy of the trial court's Rule 1925(b) order. Thus, as in *L.M.,* although Licensee's 1925(b) Statement was filed after the expiration of the 21–day period set forth in the trial court's order and as required by Rule 1925, we decline to conclude Licensee waived his issues on appeal by failing to file a timely 1925(b) Statement.

As to the merits, we note, to sustain a suspension of operating privileges under Section 1547 of the Vehicle Code, Penn-DOT must establish a licensee: (1) was arrested for DUI by a police officer who had reasonable grounds to believe the licensee was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned refusal might result in a license suspension. *Banner v. Dep't of Transp., Bureau of Driver Licensing,* 558 Pa. 439, 737 A.2d 1203 (1999).

■ Licensee first argues Officer Eckels lacked reasonable grounds to request Licensee to submit to chemical testing or to believe he was in actual physical control of a vehicle. This argument lacks merit.

As a threshold matter, PennDOT must establish the arresting officer had reasonable grounds to believe the licensee operated or physically controlled the vehicle's movement while under the influence of alcohol. *Banner.* In assessing whether PennDOT met this burden, we consider the totality of the circumstances and determine, as a matter of law, whether a person in the position of the arresting officer could reasonably reach this conclusion. *Helt v. Dep't of Transp., Bureau of Driver Licensing,* 856 A.2d 263 (Pa.Cmwlth.2004)

(*en banc*). We do not require the same quantum of proof necessary to establish probable cause for a criminal prosecution, and it is not necessary the police officer's belief ultimately prove correct. *Id.*

The test for whether a police officer has reasonable grounds for believing a motorist is intoxicated is "not very demanding." *Hasson v. Dep't of Transp., Bureau of Driver Licensing,* 866 A.2d 1181, 1185 (Pa. Cmwlth.2005). Reasonable grounds exist if the officer could have concluded the licensee drove the vehicle. *Helt.* An officer's belief that the licensee was driving will justify a request to submit to chemical testing if one reasonable interpretation of the circumstances supports the officer's belief. *Id.* Once the trial court accepts as credible an officer's testimony regarding his observations of the licensee, it cannot substitute its judgment as to what inferences should be drawn from the circumstances. *Id.* "[T]he test is whether the officer's conclusion was reasonable as a matter of law, not whether [the trial court] might have concluded otherwise had [it] stood in the officer's shoes." Id. at 266. Additionally, a police officer's reasonable grounds can be based on information received from a third party. *Gasper v. Dep't of Transp., Bureau of Driver Licensing,* 674 A.2d 1200 (Pa.Cmwlth.1996).

Further, this Court holds it is not necessary for an arresting officer to actually observe the licensee operating the vehicle, nor does the existence of reasonable alternative conclusions bar the arresting officer's actual belief from being reasonable. *See Keane v. Dep't of Transp.,* 127 Pa. Cmwlth. 220, 561 A.2d 359 (1989).

Here, Officer Eckels credibly testified: (1) he was dispatched to Licensee's residence to investigate a hit-and-run accident; (2) he arrived shortly after the dispatch; (3) Complainant followed the vehicle involved in the hit-and-run accident until it stopped at a residence that turned out to be Licensee's; (4) Officer Eckels spoke to Complainant outside's Licensee's residence; (5) Complainant identified the vehicle that struck his as a "green Ford Taurus"; (6) Complainant advised Officer Eckels he spoke with Licensee after Licensee exited his vehicle and he "could smell booze on his breath and that his speech was very slurred," N.T. at 15; (7) Officer Eckels observed the vehicle that struck Complainant's vehicle in a parking space outside Licensee's residence; and, (8) upon confronting Licensee, Officer Eckels observed Licensee's speech was slurred, there was a strong odor of alcohol on his breath, he had red, bloodshot eyes, and he failed three field sobriety tests. *See* N.T. at 7–8, 12–19. Based on Officer Eckels' credible testimony, we discern no error in the trial court's determination that Officer Eckels could reasonably conclude Licensee operated his vehicle while under the influence of alcohol.

Moreover, as to Officer Eckels' testimony concerning the statements made to him by Complainant, "[Penn]DOT did not offer that evidence to establish the truth of the matter asserted but merely to show that the arresting officer had a reasonable basis for assuming that [the licensee] was driving under the influence." *Dep't of Transp., Bureau of Traffic Safety v. Goldman,* 86 Pa.Cmwlth. 14, 482 A.2d 1383, 1385 (1984).

■ Licensee also asserts Officer Eckels' entrance into his residence while attempting to locate him violated Article 1, Section 8 of the Pennsylvania Constitution. In his 1925(b) Statement, Licensee raised an issue under the Fourth Amendment to the U.S. Constitution; however, he never mentioned Article 1, Section 8 of the Pennsylvania. More specifically, Licensee's 1925(b) Statement states, in relevant part:

6. The Court erred when it ruled that the police could commit a criminal trespass (18 § 3503 1.ii.)[sic] in order to facilitate a warrantless search without probable cause. The Fourth Amendment guarantees freedom from unlawful searches and seizure at all times. No exception is given to police when they suspect that someone may have been driving under the influence of alcohol unless they see the person drive, follow him to his residence, or secure a search warrant.

7. The Court erred by failing to recognize the sanctity of one's home by allowing the police to commit a criminal trespass to facilitate a DUI arrest.

8. The Court was forced to error because even though the defendant's rights under the Fourth Amendment were violated by an unlawful warrantless entry, there is currently no remedy in the law to dispel the results of such outrageous police conduct when dealing with a Pennsylvania Driver's License suspension resulting from a refusal to submit to breath tests or blood draws. Therefore, the defendant cannot even be afforded his basic constitutional protection.

Supplemental Reproduced Record at 10b.

As is apparent from the excerpt above, Licensee did not raise a claim based on Article 1, Section 8 of the Pennsylvania Constitution in his 1925(b) Statement. As such, Licensee failed to alert the trial court to this issue. Thus, it is not surprising the trial court did not address this issue. Because Licensee raised a claim under the Fourth Amendment to the U.S. Constitution, but did not assert a claim under Article 1, Section 8 of the Pennsylvania Constitution, this issue is waived. *Schofield; Castillo; see Kerr v. State Bd. of Dentistry,* 592 Pa. 775, 926 A.2d 443 (2007) (where appellant asserted claim based on exclusionary rule associated with the Fourth Amendment to the U.S. Constitution, but did not raise independent claim under Article 1, Section 8 of the Pennsylvania Constitution, the Supreme Court declined to address state constitutional issue); *Cf.* Pa. R.A.P.1925(b)(v) ("Each error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court; *this provision does not in any way limit the obligation of a criminal appellant to delineate clearly the scope of claimed constitutional errors on appeal.*") (Emphasis added).

As a final point, Licensee maintains the trial court abused its discretion by answering questions asked by PennDOT's counsel during Officer Eckels' testimony. *See* N.T. at p. 11, lines 13–25, p. 12. Contrary to this assertion, the trial court did not answer questions asked by PennDOT's counsel; rather, the trial court merely attempted to explain the law in this area to Licensee. Thus, no abuse of discretion is apparent.

Based on the foregoing, we affirm.

### *ORDER*

AND NOW, this 7th day of January, 2009, the order of the Court of Common Pleas of Allegheny County is **AFFIRMED.**