# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Burke,                              :
                Appellant     :
                                          :
            v.                    :    No. 359 C.D. 2024
                                          :
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing               :    Submitted: March 4, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE MATTHEW S. WOLF, Judge


**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE WOLF                                FILED:  April 2, 2025

Jason Burke (Licensee) appeals from the March 21, 2024 order of the Court of Common Pleas of Chester County (trial court). The trial court denied Licensee's appeal from the 18-month suspension of his operating privilege under Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, commonly referred to as the Implied Consent Law. In reviewing the record, we conclude that the investigating officer had reasonable grounds to suspect that Licensee had operated his vehicle while intoxicated, based upon the totality of the circumstances. Therefore, we affirm the trial court's order.

On December 1, 2023, Licensee was arrested and charged with driving under the influence of alcohol (DUI). On January 3, 2024, the Department of Transportation, Bureau of Driver Licensing (Department), notified Licensee that his

operating privilege would be suspended for a period of 18 months, effective February 7, 2024. The notice explained that the suspension resulted from his refusal to submit to chemical testing following his arrest on December 1, 2023, which was a violation of the Implied Consent Law. Licensee appealed arguing the arresting officer did not possess reasonable grounds to believe that Licensee had been driving, operating, or was in actual physical control of the movement of the motor vehicle while under the influence of alcohol. Original Record (O.R.), Item No. 1, Petition for Appeal ¶ 4b.

On March 21, 2024, the trial court held a *de novo* hearing. The Department presented the testimony of the arresting officer, Officer Ryan Benningfield. Officer Benningfield testified that on December 1, 2023, he was dispatched to the scene of a one-car motor vehicle accident after a 911 call by the owner of the property where the vehicle was found crashed. Reproduced Record (R.R.) at 6a-7a, Notes of Testimony (N.T.) at 4-5. The property owner who called to report the motor vehicle accident had no knowledge of when the accident occurred, having neither heard nor seen the accident. R.R. at 16a-17a, N.T. at 14-15. He called 911 upon encountering Licensee's crashed vehicle. *Id.* The property owner did not encounter Licensee at the scene of the accident. *Id.*

From the time of the call, it took Officer Benningfield approximately 10 minutes to arrive at the scene of the accident. R.R. at 25a, N.T. at 23. When Officer Benningfield arrived, he checked the registration of the crashed vehicle, a black Tesla, and his check revealed Licensee as the owner of the vehicle. R.R. at 7a-8a, N.T. at 5-6. Officer Benningfield then drove to Licensee's residence, which took approximately 20 minutes. R.R. at 10a, N.T. at 8. When he arrived at Licensee's house, Licensee's wife answered the door. R.R. at 8a, N.T. at 6. She

2

indicated that Licensee had been home for approximately 30 minutes and had gone downstairs to the basement after arriving home. R.R. at 13a, N.T. at 11. She also told Officer Benningfield she had not seen Licensee drink anything since arriving home. *Id.*

It took Licensee several minutes to come to the door. R.R. at 8a, N.T. at 6. When Licensee spoke to Officer Benningfield, he exhibited signs of intoxication, including slurred speech, bloodshot eyes, incomplete verbal responses to Officer Benningfield's questions, and an odor of alcohol on his expired breath. R.R. at 8a-10a, N.T. at 6-8. Licensee stated he had lost control of his vehicle and called for a tow and got a ride home following the crash. R.R. at 8a, N.T. at 6. Officer Benningfield explained Licensee refused to perform field sobriety tests and refused to answer further questions. *Id.* Licensee was subsequently placed under arrest for DUI[1] and refused chemical testing after being read the warnings from the Department's Form DL-26B. R.R. at 8a-9a, N.T. at 6-7.

At the close of the hearing, the trial court dismissed Licensee's appeal, explaining:

> I appreciate the timeline both [parties' counsel] have outlined. And I understand what [Licensee's counsel] is saying about there not being a starting point. I'm not concerned about the starting point not being clear. Because what we have is the one-vehicle accident, which is in and of itself, based on what the officer was saying, a possibility—a good possibility that it's alcohol-connected. That alone would not be enough. Not even close.
>
> But he went to the home, and he spoke to [Licensee]. And [Licensee] had indicia of alcohol, and admitted that he had

---

[1] *See* 75 Pa. C.S. § 3802.

been operating. We don't have a timeline on operating, either. I agree.

. . . .

I think that under those circumstances, as I said, the officer did have a reasonable basis to believe. His reading of the DL-26[B] is not contested at this point, so I am going to find that [Licensee] did refuse, and that I will dismiss his appeal.

N.T. at 33-34. When Licensee's counsel requested that the trial court clarify its position with respect to the relevance of the timeline of events, the trial court stated:

It's certainly—it's relevant. But the timeline, I'm comfortable with the timeline of: accident—even some indeterminate time period—not entirely indeterminate, because it was reported by the homeowner. But: accident, conversation, refusal.

And the officer had testified that consumption of alcohol, even a couple of hours—I think his testimony was several hours, you can still have indica of alcohol. And certainly that's been my experience in terms of presiding over DUI trials and expert testimony, and so on and so forth. That is not an unreasonable statement. So that's it.

N.T. at 34-35. Licensee appealed the trial court's decision to this Court.[2]

---

[2] This Court's review in license suspension matters "is limited to determining whether the trial court's necessary findings of fact were supported by substantial evidence and whether the trial court committed an error of law or otherwise abused its discretion." *Park v. Dep't of Transp., Bureau of Driver Licensing*, 178 A.3d 274, 279 n.2 (Pa. Cmwlth. 2018). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Purcell v. Dep't of Transp., Bureau of Driver Licensing*, 689 A.2d 1002, 1004 n.3 (Pa. Cmwlth. 1997).

4

On appeal, Licensee asserts the trial court erred in concluding that Officer Benningfield had reasonable grounds to believe that Licensee was operating a motor vehicle while intoxicated.

In order to sustain a suspension of a licensee's operating privilege,[3] the Department must show:

> (1) Licensee was arrested for violating Section 3802 of the Vehicle Code by a police officer who had "reasonable grounds to believe" that Licensee was operating or was in actual physical control of the movement of a vehicle while in violation of Section 3802 (i.e., while driving under the influence); (2) Licensee was asked to submit to a chemical test; (3) Licensee refused to do so; and (4) Licensee was specifically warned that a refusal would result in the suspension of his operating privileges and would result in enhanced penalties if he was later convicted of violating Section 3802(a)(1).

---

[3] Section 1547(a) of the Vehicle Code states in relevant part:

> (a) General rule.--Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle in violation of section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), 3802 (relating to driving under influence of alcohol or controlled substance) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock).

75 Pa.C.S. §1547(a). Section 1547(b) of the Vehicle Code provides: "[i]f any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so," the Department shall suspend the operating privilege for 1 year, or 18 months under certain conditions. 75 Pa.C.S. §1547(b).

*Martinovic v. Dep't of Transp., Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005).[4]

This Court reviews the question of whether and officer had reasonable grounds on a case-by-case basis. *Walkden v. Dep't of Transp., Bureau of Driver Licensing*, 103 A.3d 432, 436 (Pa. Cmwlth. 2014); *Marone v. Dep't of Transp., Bureau of Driver Licensing*, 990 A.2d 1187, 1190 (Pa. Cmwlth. 2010). The test in determining whether reasonable grounds existed for an officer to believe that a licensee operated a motor vehicle while intoxicated is not demanding and requires less proof than that necessary to establish probable cause in the context of a criminal prosecution. *Hasson v. Dep't of Transp., Bureau of Driver Licensing*, 866 A.2d 1181, 1185-86 (Pa. Cmwlth. 2005); *Helt v. Dep't of Transp., Bureau of Driver Licensing*, 856 A.2d 263, 266 (Pa. Cmwlth. 2004). In determining whether the Department has met its burden in showing that the officer had reasonable grounds, "we consider the totality of the circumstances and determine, as a matter of law, whether a person in the position of the arresting officer could have reasonably reached this conclusion." *Helt*, 856 A.2d at 266.

An officer's belief that a licensee was operating a vehicle while intoxicated need not be correct, and a later discovery that the officer's belief was erroneous does not void the existence of reasonable grounds. *Hasson*, 866 A.2d at 1185. It is further not necessary that an officer observe a licensee operating a vehicle in order to arrest the licensee for DUI. *Walkden*, 103 A.3d at 437. An officer's

---

[4] Additionally, to sustain an 18-month, rather than 12-month, suspension, the Department must prove a fifth element, namely that the licensee was subject to one of the enhancing provisions in 75 Pa.C.S. § 1547(b)(1)(ii). *Sitoski v. Dep't of Transp., Bureau of Driver Licensing*, 11 A.3d 12, 22 (Pa. Cmwlth. 2010). An 18-month suspension is required under the law where the driver has previously been suspended for refusing chemical testing or convicted of DUI. 75 Pa. C.S. § 1547(b)(l)(ii). Here, the Department's records indicate Licensee's operating privilege was suspended for a violation of the Vehicle Code in 2008. Trial Court Ex. C-1.

6

reasonable belief will justify a request for chemical testing so long as "one reasonable interpretation of the circumstances" as they appear to the officer supports the officer's reasonable belief that the licensee operated a motor vehicle while intoxicated. *Marnik v. Dep't of Transp., Bureau of Driver Licensing*, 145 A.3d 208, at 212-13 (Pa. Cmwlth. 2016); *Helt*, 856 A.2d at 266. Generally, courts defer to officers' experience and observations when it comes to determining whether an individual is intoxicated. *Hasson*, 866 A.2d at 1186 (noting that "a police officer may rely upon his experience and personal observations to render an opinion as to whether a person is intoxicated").

Before this Court, Licensee argues that the evidence of record was insufficient for the trial court to have found that reasonable grounds existed for Officer Benningfield to believe that Licensee operated a motor vehicle while intoxicated and subsequently request that Licensee submit to chemical testing. In particular, Licensee points to the vague timeline of the accident and Officer Benningfield's subsequent investigation. Licensee contends that Officer Benningfield encountered Licensee *at least* half an hour after the accident.

In support of his argument, Licensee cites both *Mulholland v. Department of Transportation, Bureau of Driver Licensing*, 527 A.2d 1123 (Pa. Cmwlth. 1987) and *Stahr v. Department of Transportation, Bureau of Driver Licensing*, 969 A.2d 37 (Pa. Cmwlth. 2009). In *Mulholland*, a licensee left the scene of a two-car accident and was encountered by the investigating officer about 25 minutes later at a bar where licensee was drinking. The trial court found that the officer did not have reasonable grounds to suspect that the licensee was intoxicated while operating his vehicle and this Court affirmed. We explained:

7

> This 25[-]minute delay seems to us to be too long for the officer to reasonably conclude that [the licensee] had in fact been driving his automobile under the influence of alcohol. As the trial court stated: "He could have gone in and had a couple of shots, even if he were in the accident. He could have gone in and had a couple of shots to calm himself down, I don't know, but the point is we're left to speculate about it."

*Mulholland*, 527 A.2d at 1124.

In *Stahr*, a driver was encountered by an officer at home following a one-car accident. No timeline was established with respect to how much time had elapsed between the accident and the officer's first encounter with the licensee. On appeal, this Court reversed the suspension of the licensee's operating privilege, explaining:

> No timeframe between the accident and arrest was established according to the evidence provided to the trial court. We cannot, therefore, conclude that Officer Brown had reasonable suspicion that Stahr was in control of his vehicle while under the influence of alcohol. Since there was no objective evidence to support Officer Brown's suspicion that Stahr was driving under the influence, the order of the trial court is reversed, and Stahr's operating privileges are reinstated.

*Stahr*, 969 A.2d at 41. Licensee submits that the facts of the instant case lend themselves to the same resolutions reached in *Mulholland* and *Stahr*.

The Department responds that based on the evidence of record Officer Benningfield had reasonable grounds to believe that Licensee operated his vehicle while intoxicated. In support of its argument, the Department references the fact that Officer Benningfield observed multiple indicia of intoxication when interacting with Licensee, as well as Licensee's wife's statement to police that she had not seen

8

Licensee drink since arriving home. The Department also notes that Licensee admitted to operating the vehicle at the time of the crash and stated he had lost control, leading to the accident. The Department therefore argues that given the totality of the circumstances, Officer Benningfield could have reasonably believed that Licensee had been operating his vehicle while intoxicated.

While we are conscious of some similarities between the instant case and both *Stahr* and *Mulholland*, we note the important distinctions, in particular with respect to whether there was any suggestion of alcoholic consumption following the licensees' last operation of a motor vehicle. In both of those cases, like the one *sub judice*, the licensees were encountered by an officer away from their vehicles at some point after being involved in motor vehicle accidents. In *Mulholland*, the investigating officer encountered the licensee drinking in a bar after the accident. In *Stahr*, the investigating officer encountered the licensee at home, and the licensee informed the officer that he had been drinking since arriving home after the accident. In the instant case, however, there is no suggestion that Licensee was found drinking at a bar following the accident, nor did he tell Officer Benningfield that he consumed alcohol after the crash in his home. In fact, Officer Benningfield was faced with facts suggesting that Licensee had not been drinking since arriving home because Licensee's wife told Officer Benningfield that Licensee had not consumed alcohol since arriving home. At that time, Licensee presented himself to Officer Benningfield as significantly intoxicated.

Accordingly, we find *Yencha v. Department of Transportation, Bureau of Driver Licensing*, 187 A.3d 1038 (Pa. Cmwlth. 2018), to be more analogous to the facts of the instant case. In *Yencha*, an officer encountered a licensee at his home approximately 25 minutes after being called to the scene of a hit and run accident.

9

*Id.* at 1041-42. While the licensee denied involvement in the accident, there was visible damage to his vehicle which was parked in front of his home and his vehicle was consistent with the description of the car that fled the crash scene. *Id.* Upon interaction with the investigating officer, the licensee exhibited indicia of intoxication, including an odor of alcohol, slurred speech, and bloodshot eyes. *Id.* at 1042. The officer subsequently requested that the licensee submit to field sobriety tests, which the licensee refused. *Id.* Following the licensee's refusal, he was placed under arrest for suspected DUI and transported to the police station, where he was asked to submit to a breath test and again refused. *Id.* Even where there was a 25-minute delay between the accident and the officer's encounter with the licensee, and the licensee denied driving the vehicle, this Court concluded that the officer had reasonable grounds under the circumstances to believe that the licensee had operated a motor vehicle while intoxicated. *Id.* at 1046.

Similarly here, Licensee was encountered at his home following a motor vehicle accident, to which he admitted involvement.[5] He stated that following the accident, he called for a tow and got a ride home. He did not mention any stops or digressions on his trip home, and based on his wife's statements, Officer Benningfield could have reasonably believed that Licensee had been home for about 30 minutes with no intervening alcohol consumption since arriving home. From the officer's perspective and based upon the information available to him, it would appear that the delay between the accident's occurrence and his encounter with Licensee was relatively limited, given the approximate 20-minute drive from the scene of the accident to the home and Licensee's arrival at the home 30 minutes

---

[5] This provides Officer Benningfield even stronger grounds to base his belief that Licensee had been *operating a vehicle* (one of the two factors to be determined in the reasonable grounds analysis) than the officer in *Yencha*.

10

prior. There is no direct evidence of the exact timeframe between Licensee's operation of the vehicle and his interaction with Officer Benningfield, but there is significant circumstantial evidence upon which Officer Benningfield could reasonably rely in arriving at a grounded belief. In considering the totality of the circumstances, the observations of Officer Benningfield, and the information provided to Officer Benningfield during the course of his investigation, it is clear that a reasonable interpretation of those circumstances, beyond mere speculation, could lead him to believe that Licensee had been intoxicated at the time of the crash. Accordingly, he had reasonable grounds to believe that Licensee was operating a vehicle while intoxicated at the time of his motor vehicle accident.

As the question of reasonable grounds was the sole issue on appeal for this Court's review, for the foregoing reasons, the trial court's order is affirmed.

_____
MATTHEW S. WOLF, Judge

11

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jason Burke,                                    :
                        Appellant              :
                                               :
            v.                                 :    No. 359 C.D. 2024
                                               :
Commonwealth of Pennsylvania,                  :
Department of Transportation,                  :
Bureau of Driver Licensing                     :


## O R D E R


AND NOW, this 2nd day of  April 2025, the March 21, 2024 order of the Court of Common Pleas of Chester County is AFFIRMED.


_____
MATTHEW S. WOLF, Judge