# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathan A. Sanderson,      :
      Appellant  :
           :
    v.      :  No.  1163 C.D. 2024
           :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing    :  Submitted:  December 8, 2025


BEFORE:  HONORABLE CHRISTINE FIZZANO CANNON, Judge
       HONORABLE LORI A. DUMAS, Judge
       HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF            FILED:  January 16, 2026

    Nathan Sanderson (Licensee) appeals from the August 2, 2024 order of the Court of Common Pleas of Perry County (trial court).  The trial court denied Licensee's appeal from the 12-month suspension of his operating privilege under Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, commonly referred to as the Implied Consent Law.  Here, Licensee challenges whether the investigating officer had reasonable grounds to suspect that Licensee had operated his vehicle while intoxicated in violation of 75 Pa.C.S. § 3802.  Based on the totality of the circumstances, we conclude there was more than sufficient evidence to show reasonable grounds.[1]  Therefore, we affirm the trial court's order.

---

[1]  Our standard of review is limited to determining whether necessary findings of fact made by the trial court are supported by competent evidence of record, whether the court committed an **(Footnote continued on next page…)**

# I. BACKGROUND

In the early morning of January 6, 2024, Licensee was arrested on suspicion of driving under the influence by Trooper Mark Zearfaus in Newport Borough, Pennsylvania. Following his arrest, Licensee refused to submit to a blood test and was subsequently issued a notice of suspension of his driver's license privileges from the Department of Transportation, Bureau of Driver Licensing (Department) on February 1, 2024. Licensee appealed to the trial court.

Trooper Zearfaus testified at the suspension appeal hearing before the trial court. Trooper Zearfaus testified that he observed Licensee make an illegal turn at an intersection and further observed that Licensee's vehicle registration was expired and one of his brake lights was out. Following his observations, Trooper Zearfaus initiated a traffic stop of Licensee's vehicle. He testified that the car had three occupants: Licensee in the driver's seat, a female passenger, and a dog. Trooper Zearfaus testified that he noticed an odor of alcohol coming from the vehicle, and further that both Licensee and the passenger denied having consumed alcohol when first asked. He testified that he requested that Licensee exit the vehicle to perform standardized field sobriety testing (SFST) and Licensee complied. Trooper Zearfaus testified that when Licensee performed the horizontal gaze nystagmus (HGN) test, Licensee exhibited 6 of 6 possible indicators of intoxication. Trooper Zearfaus also testified that when he interacted with Licensee outside the vehicle, he smelled the odor of alcohol coming from Licensee's person. He testified that when Licensee performed the walk-and-turn and one-leg stand portions of the SFST, he exhibited 3 of 8 and 3 of 4 possible indicators of intoxication, respectively. Following the SFST, Trooper Zearfaus requested that Licensee take a preliminary

---

error of law, or whether the court abused its discretion. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

breath test (PBT). He testified that Licensee stated at one point "[l]et's just do the breath test I guess, I got to be close[.]" Reproduced Record (R.R.) at 15.[2] Following Licensee's refusal, Trooper Zearfaus placed him under arrest for DUI. When searching Licensee incident to his arrest, Trooper Zearfaus testified that he found marijuana on Licensee's person. He further testified that when he questioned Licensee as to his most recent use of marijuana, Licensee stated that he may have used marijuana the previous morning.

After transporting Licensee, the passenger, and his canine companion to the police barracks, Trooper Zearfaus read Licensee the appropriate DL-26 warnings[3] and requested that Licensee submit to a blood test. He testified that Licensee stated that he had to be "close" or "on the line" and ultimately declined the blood test. R.R. at 18.

## II. ISSUES

The sole issue before this Court is whether Trooper Zearfaus had reasonable grounds to believe that Licensee had operated his vehicle while intoxicated.

## III. DISCUSSION

Section 1547(a) of the Vehicle Code states in relevant part:

(a) General rule.--Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer

---

[2] Licensee's Reproduced Record's pagination does not include the lowercase letter "a" after page numbers, as required for initial records pursuant to Pa.R.A.P. 2173. We refer to the pagination as it exists.

[3] Licensee stipulated to the proper warnings being read.

has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle in violation of section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), 3802 (relating to driving under influence of alcohol or controlled substance) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock).

75 Pa.C.S. § 1547(a).

This Court reviews the question of whether an officer had reasonable grounds on a case-by-case basis. *Marone v. Dep't of Transp., Bureau of Driver Licensing*, 990 A.2d 1187, 1190 (Pa. Cmwlth. 2010); *Walkden v. Dep't of Transp., Bureau of Driver Licensing*, 103 A.3d 432, 437 (Pa. Cmwlth. 2014). The test in determining whether reasonable grounds existed for an officer to believe that a licensee operated a motor vehicle while intoxicated is not demanding and requires less proof than that necessary to establish probable cause in the context of a criminal prosecution. *Hasson v. Dep't of Transp., Bureau of Driver Licensing*, 866 A.2d 1181, 1185-86 (Pa. Cmwlth. 2005); *Helt v. Dep't of Transp., Bureau of Driver Licensing*, 856 A.2d 263, 266 (Pa. Cmwlth. 2004). In determining whether the Department has met its burden in showing that the officer had reasonable grounds, "we consider the totality of the circumstances and determine, as a matter of law, whether a person in the position of the arresting officer could have reasonably reached this conclusion." *Helt*, 856 A.2d at 266.

An officer's belief that a licensee was operating a vehicle while intoxicated need not be correct, and a later discovery that the officer's belief was erroneous does not void the existence of reasonable grounds. *Hasson*, 866 A.2d at 1185. It is further not necessary that an officer observe a licensee operating a vehicle in order to arrest the licensee for DUI. *Walkden*, 103 A.3d at 437. An officer's

4

reasonable belief will justify a request for chemical testing so long as "one reasonable interpretation of the circumstances" as they appear to the officer supports the officer's reasonable belief that the licensee operated a motor vehicle while intoxicated. *Marnik v. Dep't of Transp., Bureau of Driver Licensing*, 145 A.3d 208, at 212-13 (Pa. Cmwlth. 2016); *Helt*, 856 A.2d at 266. Generally, courts defer to officers' experience and observations when it comes to determining whether an individual is intoxicated. *See Hasson*, 866 A.2d at 1186 (noting that "a police officer may rely upon his experience and personal observations to render an opinion as to whether a person is intoxicated").

Here, Licensee exhibited multiple indicators of intoxication. Namely, the odor of alcohol coming from his person and multiple indicators of intoxication on each of the SFSTs: 6 of 6 on the HGN, 3 of 8 on the walk-and-turn, and 3 of 4 on the one-leg stand. "[T]here is no set list of behaviors that a person must exhibit for an officer to have reasonable grounds for making an arrest," but they can include "staggering, swaying, falling down, belligerent or uncooperative behavior, slurred speech, and the odor of alcohol." *Stancavage v. Dep't of Transp., Bureau of Driver Licensing*, 986 A.2d 895, 899 (Pa. Cmwlth. 2009). Here, Licensee showed multiple such behaviors and he did not need to show all of them for reasonable grounds to be present. *See id.*; *Farnack v. Dep't of Transp., Bureau of Driver Licensing*, 29 A.3d 44, 48 (Pa. Cmwlth. 2011) (discussing *Stancavage*). Further, Licensee's statements that he had to be close or on the line further support the conclusion that Trooper Zearfaus' belief that Licensee was intoxicated was reasonable.[4] Under the totality

---

[4] While marijuana metabolites in the bloodstream may technically be a basis for violation of 75 Pa.C.S. § 3802, the fact that marijuana was found on Licensee's person and the extent to which this did or did not influence Trooper Zearfaus' belief that Licensee had operated a vehicle in violation of 75 Pa.C.S. § 3802 is entirely immaterial to our analysis. Because it appears neither **(Footnote continued on next page…)**

of the circumstances, it is clear that Trooper Zearfaus had reasonable grounds to request that Licensee submit to a blood test under the Implied Consent Law.

## IV. CONCLUSION

For the foregoing reasons, the trial court is affirmed.


_____
MATTHEW S. WOLF, Judge

---

Trooper Zearfaus nor the trial court placed any reliance on the found marijuana in determining "reasonable belief," we do not either.

6

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Nathan A. Sanderson,           :
               Appellant      :
                              :
          v.               :   No. 1163 C.D. 2024
                              :
Commonwealth of Pennsylvania,    :
Department of Transportation,      :
Bureau of Driver Licensing        :

**O R D E R**

AND NOW, this 16th day of January 2026, the August 2, 2024 order of the Court of Common Pleas of Perry County in the above-captioned matter is AFFIRMED.

_____
MATTHEW S. WOLF, Judge