723 A.2d 655

**David A. TODD, Appellee,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 21, 1998.

Decided Jan. 21, 1999.

194

Timothy P. Wile, Asst. Counsel, Harold H. Cramer, Asst. Chief Counsel, Andrew S. Gordon, Chief Counsel, Paul A. Tufano, Gen. Counsel, for Dept. of Transp., Bureau of Driver Licensing.

Lance J. Nelson, West Chester, for David A. Todd.

## *OPINION*

SAYLOR, Justice.

This appeal was allowed to determine whether, for purposes of drivers' license suspension under the implied consent provision of the Vehicle Code, 75 Pa.C.S. §1547(b)(1), a licensee must be afforded the entire three-minute period of a breathalyzer machine's test cycle before his failure to provide a sufficient breath sample may be deemed a refusal to submit to a chemical alcohol test. Because we discern no such requirement, we reverse.

On March 4, 1995, Appellee, David Todd ("Todd"), was arrested for driving under the influence, 75 Pa.C.S. §3731(a), and submitted to a breathalyzer test as required under Section 1547(a) of the Vehicle Code, 75 Pa.C.S. §1547(a). Todd provided inadequate breath samples in three attempts, and the testing officer terminated the test. The police subsequently reported a refusal to the Commonwealth, Department of Transportation ("DOT"), which suspended Todd's license for one year. Thereafter, Todd filed a statutory appeal in the Court of Common Pleas of Delaware County pursuant to Section 1550(a) of the Vehicle Code, 75 Pa.C.S. §1550(a).

At the *de novo* hearing, the arresting officer testified that he initially had stopped Todd because he was exceeding the posted speed limit and driving erratically. According to the officer's uncontradicted testimony, upon bringing the vehicle to a stop, Todd fled the scene of the traffic stop on foot, and, when he was ultimately detained, denied having been the operator of his vehicle. The officer detected a strong odor of alcohol on Todd's breath, saw that Todd's eyes were bloodshot and glassy, and observed that Todd was unsteady on his feet. After warning Todd of the statutory consequences of a refusal to submit to chemical alcohol testing, Todd consented to a test and accompanied the officer to a local police station for administration of the test.

The officer testified that the breathalyzer machine used, the Intoxilyzer 5000, operated on a three-minute test cycle, so the blood alcohol content had to be recorded within that time

period to obtain an accurate result. The officer, a qualified test administrator, informed Todd of DOT regulations requiring that two consecutive actual breath tests be accomplished. *See* 67 Pa.Code §77.24(b)(1). According to the officer, Todd provided an inadequate breath sample on his first attempt, and he informed Todd of the deficiency and warned him that failure to supply sufficient samples would be deemed a refusal. Thereafter, Todd made two additional inadequate attempts, following which the officer declared a refusal, and told Todd to stop blowing. The officer acknowledged that the termination of the test occurred prior to the completion of the three-minute test cycle, accepting as a possibility the estimate that approximately thirty seconds remained in such cycle.

Todd also testified at the hearing. He generally acknowledged the circumstances of his arrest, expressly conceding that he had attempted to evade arrest by falsely stating that he had not been the driver of his vehicle. He also admitted that he had consumed five to six servings of beer prior to his arrest. Concerning the breath test, Todd asserted that he "may not have been blowing that good" into the machine during his first attempt, as he was not familiar with the machine. He claimed, however, that, after the arresting officer emphasized the consequence of a failure to provide an adequate sample, he exhaled with as much force as he was able to generate on the second and third attempts. Todd also acknowledged a prior conviction for driving under the influence.

Following the hearing, the trial court sustained Todd's appeal and reinstated his operating privileges. In its opinion, the trial court made factual findings that were generally consistent with the officer's testimony, finding as a fact that Todd had failed to provide a sufficient breath sample, despite three attempts. Nevertheless, emphasizing that Todd never expressly or impliedly manifested an intention to refuse testing, the trial court concluded that the breath test was terminated by the police officer rather than by Todd's refusal to supply a sufficient breath sample. The trial court reasoned that:

[w]here, as in the instant case, the breathalyzer machine has a predetermined period of time during which it will accept breath for testing and that time is reasonably brief, such as three (3) minutes, and there is no overt manifestation by the [licensee], by actions or words, indicating that the [licensee] has abandoned efforts to complete the test or is refusing to continue with the testing procedure, then the [licensee] must be given such period of time as the machine allows within which to complete the test before the failure to supply a sufficient breath sample will be deemed a refusal.

DOT appealed, and a divided Commonwealth Court affirmed. The majority agreed with the trial court that, where a police officer terminates the testing procedure prior to the completion of the full testing cycle of the breathalyzer, the licensee's provision of deficient breath samples does not constitute a refusal to submit to the test. The dissent, on the other hand, emphasized that a licensee's failure to supply a sufficient breath sample is a *per se* refusal, absent valid medical reasons to explain the failure. Thus, the dissent concluded that Todd had a full, fair and reasonable opportunity to complete the test and that his unsatisfactory performance in three attempts was a refusal.

■ Under the implied consent provisions of the Vehicle Code, driving privileges in Pennsylvania are subject to summary revocation if a licensee suspected of driving under the influence refuses to undertake the chemical alcohol testing provided for at Section 1547(a). *See* 75 Pa.C.S. §1547(b).[1] To sustain a license suspension, DOT must first prove that the licensee (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would result in the revocation of his driver's license. *Com-*

---

1. Section 1547(b)(1) provides as follows:

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

*monwealth, Dep't of Transp. v. Boucher,* 547 Pa. 440, 446, 691 A.2d 450, 453 (1997). Once DOT meets this burden, the licensee must then establish that his refusal was not knowing or conscious or that he was physically unable to take the chemical test. *Id.*

Since the first, second and fourth of these requirements are undisputed, the only question before us is whether Todd's conduct constituted a refusal to submit to the breathalyzer test.[2] The conclusion of the Commonwealth Court and the trial court that DOT failed to establish a refusal was based upon the testing officer's decision to terminate the test prior to the expiration of the time necessary to exhaust the full cycle of the breathalyzer machine.

■ While clearly a motorist must be allowed a reasonable and sufficient opportunity to complete chemical alcohol testing, a refusal to test need not be manifested overtly or verbally. Rather, any response from a licensee that is "anything less than an unqualified, unequivocal assent" to submit to testing constitutes a refusal, subjecting the licensee to the one-year suspension. *Renwick,* 543 Pa. at 131, 669 A.2d at 939. Moreover, this Court has found that the failure to supply adequate breath samples during multiple attempts to administer a test was a deemed refusal to submit to testing, *see Boucher,* 547 Pa. at 448, 691 A.2d at 454, and the Commonwealth Court has issued an extensive line of decisions consistent with this principle.[3] Implicit in these decisions is a

**2.** Although our standard of review in a license suspension case is generally limited to determining whether the trial court's findings are supported by competent evidence, and whether the trial court committed an error of law or an abuse of discretion in making its decision, *Boucher,* 547 Pa. at 446, 691 A.2d at 453 (citing *Commonwealth, Dep't of Transp. v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989)), this Court has characterized the issue of whether a licensee has refused a chemical test as a question of law, subject to plenary review by an appellate court. *See Commonwealth, Dep't of Transp. v. Renwick,* 543 Pa. 122, 126 n. 2, 669 A.2d 934, 936 n. 2 (1996).

**3.** *See, e.g., Pappas v. Commonwealth, Dep't of Transp.,* 669 A.2d 504, 508 (Pa.Cmwlth.1996)(stating that, where a licensee fails to "exert a total conscious effort, and thereby fails to supply a sufficient breath sample, such is tantamount to a refusal to take the test")(quoting *In re Budd,* 65 Pa.Cmwlth. 314, 318, 442 A.2d 404, 406 (1982)); *Mueller v. Common-*

recognition that the purposes of the implied consent law would be undermined if licensees, by their volitional conduct, were permitted to thwart testing during administration.

Todd essentially concedes that, if the testing officer had not terminated the test before three minutes, and his performance remained deficient, his refusal would have been evident. He emphasizes, however, that at no time did he himself terminate the test or express a refusal. Where a licensee is not manifesting overt signs of refusal, Todd contends that the failure to exert a conscious effort should be measured against the entire length of the testing cycle. According to Todd, any contrary rule would allow the police unfettered discretion to prevent an otherwise cooperating driver from completing a test and preserving his license privileges.

The implied consent provisions of the Vehicle Code were enacted to address the hazard of impaired drivers on public roads. *See generally Commonwealth v. Ingram*, 538 Pa. 236, 253, 648 A.2d 285, 293 (1994). From the statute and DOT regulations, well established rules have evolved governing the procedures for obtaining and analyzing breath to determine alcohol levels. Such authorities, however, do not establish the mandatory window of opportunity advocated by Todd and suggested by the Commonwealth Court's opinion. Indeed, the Commonwealth Court on a number of occasions has held that a refusal of chemical testing is supported by substantial evidence where, as here, the test administrator testifies that the licensee did not provide sufficient breath. *See, e.g., Pappas*, 669 A.2d at 508.

To effectuate the purposes of the implied consent law, testing officers must be afforded a degree of flexibility in obtaining satisfactory breath samples for a proper test, thus

*wealth, Dep't of Transp.*, 657 A.2d 90, 94 (Pa.Cmwlth.1995)(noting that the Commonwealth Court "has attempted to steadfastly recognize that a licensee's failure to provide a breath sample sufficient to complete a breathalyzer test constitutes a refusal"), *appeal denied*, 542 Pa. 637, 665 A.2d 471 (1995); *Commonwealth, Dep't of Transp. v. Beatty*, 143 Pa. Cmwlth. 272, 275, 598 A.2d 1069, 1070 (1991)(stating that "the licensee's failure to supply a sufficient breath sample is a *per se* refusal"); *Dep't of Transp. v. Gross*, 146 Pa.Cmwlth. 1, 605 A.2d 433 (1991).

enabling them to deal realistically with licensees who agree to submit to chemical testing, and yet repeatedly fail to provide sufficient breath samples for analysis.

In this case, DOT adduced sufficient facts to establish that Todd was provided with a reasonable and sufficient opportunity to take and complete the breath test. Todd's failure to provide the necessary samples after being afforded three opportunities clearly fell short of the required unqualified, unequivocal consent and thus constituted a refusal. Therefore, DOT met its *prima facie* burden. Since Todd made no attempt to establish a reasonable explanation for his failure, the trial court erred in sustaining his license suspension appeal.

Accordingly, the decision of the Commonwealth Court is reversed.