Michael J. PLEISS

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 22, 2001.

Decided Aug. 8, 2001.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Kevin J. Kelleher, Bethlehem, for appellee.

Before SMITH, Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the December 15, 2000 order of the Court of Common Pleas of Northampton County (trial court), which made absolute the trial court's June 3, 1999 Rule to Show Cause, dismissed the license suspension that DOT imposed on Michael J. Pleiss (Licensee) and directed DOT to restore Licensee's driver's license immediately. We reverse.

On October 18, 1991, May 22, 1992 and February 3, 1993, DOT suspended Licensee's driver's license as a result of Licensee's failure to satisfy within sixty days three judgments arising from a motor vehicle accident that occurred on January 18, 1990.[1] (R.R. at 17a, 22a, 27a.) Licensee filed three appeals, which were consolidated by the trial court. On June 13, 1997, the trial court held a conference on the matter. At the conference, Licensee represented to the trial court that State Farm Insurance Company would be providing coverage for the accident. The trial court granted Licensee ninety days to see whether State Farm Insurance Company would pay the judgments. (R.R. at 30a.)

On November 7, 1997, the trial court issued an order stating that, by agreement of counsel, the record would be kept open for ninety days for Licensee to provide proof that insurance is available to pay the three judgments. The order also stated that, "Upon failure to submit some evidence to the Court within the 90–day period, the appeal will be withdrawn upon notification of counsel." (R.R. at 79a.)

On March 11, 1999, the trial court held a hearing at which Licensee stated that it was not possible to resolve the matter satisfactorily with his insurance carrier. (R.R. at 35a.) Licensee told the trial court that his insurance agent provided him with a letter stating that Licensee has had continuous insurance coverage since February 1993. Licensee also told the trial court that the three judgments had expired and had not been revived. (R.R. at 35a–36a.) Licensee and DOT then stipulated as follows: (1) Licensee would prepare a motion, for Motions Court, confirming the fact that the judgments had not been revived and showing that Licensee had had the judgments stricken; (2) Licensee would notify counsel and DOT upon obtaining satisfactory proof; (3) DOT would reinstate Licensee's driver's license; and (4) Licensee would withdraw his appeals.[2] The trial court indicated that this stipulation would have the full force and effect of an order. (R.R. at 36a–37a.)

---

1. Licensee was involved in a motor vehicle accident where he hit three parked cars. (*See* R.R. at 30a.) The Ohio Casualty Company obtained a judgment against Licensee in the amount of $4,537.38, plus costs. The Erie Insurance Exchange obtained a judgment against Licensee for $1,058.97, plus costs. An individual, Todd Hallet, obtained a judgment against Licensee for $1,507.34, plus costs. (R.R. at 32a, 42a, 47a, 52a.)

Section 1771(a) of the Vehicle Code, 75 Pa.C.S. § 1771(a), states that, whenever a person fails within sixty days to satisfy any judgment arising from a motor vehicle acci-

dent, the judgment creditor may forward to DOT a certified copy of the judgment. Section 1772(a) of the Vehicle Code, 75 Pa.C.S. § 1772(a), states generally that, upon receipt of the certified copy, DOT shall suspend the operating privilege of the person.

2. Section 1773 of the Vehicle Code, 75 Pa. C.S. § 1773, states that a person's operating privileges shall remain suspended until every judgment is stayed, satisfied in full, or as provided in Subchapter G, and until the person furnishes proof of financial responsibility.

On May 13, 1999, Licensee obtained orders from the trial court directing the Prothonotary of Northampton County to strike the *lien* of judgment in the three actions against Licensee. (R.R. at 67a–69a.) On May 20, 1999, the Prothonotary of Northampton County struck the lien of judgment in each of the three actions. (R.R. at 67a–69a.)

On June 3, 1999, Licensee filed with the trial court a Petition to Dismiss License Suspension (Petition to Dismiss). Licensee alleged therein that he has maintained automobile insurance coverage since February 1993 and that the Prothonotary has stricken the underlying lien of judgment in each action against him. (R.R. at 65a.) Licensee attached evidence showing that the lien of judgment in each case had been stricken. (R.R. at 67a–69a.)

On June 3, 1999, the trial court issued upon DOT a Rule to Show Cause why the relief requested in Licensee's Petition to Dismiss should not be granted. The Rule was returnable "after service." (R.R. at 78a.) On June 4, 1999, Licensee mailed a copy of the Petition to Dismiss and a copy of the Rule to Show Cause to DOT in Harrisburg, Pennsylvania. Licensee did *not* mail copies to DOT's counsel in Scranton, Pennsylvania [3] or in King of Prussia, Pennsylvania.[4] (R.R. at 70a, 96a, 97a, 100a, 105a.)

DOT filed no response to the Rule to Show Cause. On December 11, 2000, Licensee mailed a letter to DOT in Harrisburg, advising DOT that, on December 15, 2000, Licensee would present the trial court with a Petition to Make Rule Absolute. (R.R. at 77a.) Licensee mailed this letter pursuant to Northampton County Local Rule N206, which governs Notice of Intent to Present Motions and Petitions Requesting a Definitive Order. (Trial court op. at 1.) Licensee did *not* mail a copy of the letter to DOT's counsel in Scranton or King of Prussia.

◼ On December 15, 2000, Licensee presented the Petition to Make Rule Absolute to the trial court. (R.R. at 57a–59a.) Licensee also presented an Affidavit of Service indicating that Licensee notified DOT by mail on December 11, 2000 pursuant to Local Rule N206. (Trial court op. at 1.) DOT filed no response to the Petition to Make Rule Absolute, and no one appeared in court on behalf of DOT. The trial court granted Licensee's Petition to Make Rule Absolute, and DOT did not seek reconsideration of the matter. DOT now appeals to this court.[5]

◼ DOT argues that the trial court erred in making the Rule to Show Cause absolute because Licensee failed to give proper notice of its filings to counsel for DOT. We agree.

First, the March 11, 1999 stipulation, which had the full force and effect of an order, required that Licensee notify counsel for DOT when Licensee had prepared a motion showing that the judgments had not been revived and had been stricken. Because Licensee did not notify counsel for DOT with respect to the Petition to

---

3. Frank M. O'Neill, Esq., and John V. Rovinsky, Esq., worked in the Office of Chief Counsel at 100 Lackawanna Avenue in Scranton. (R.R. at 96a, 106a.)

4. Cris M. Pastore, Esq., and Thomas M. Nardozzo, Esq., worked in the Office of Chief Counsel at 150 Allendale Road in King of Prussia. (R.R. at 97a, 100a.)

5. Our scope of review is limited to determining whether necessary finding(s) are supported by competent evidence of record and whether the trial court committed an error of law or abused its discretion in reaching its decision. *Todd v. Department of Transportation, Bureau of Driver Licensing*, 555 Pa. 193, 723 A.2d 655 (1999).

Dismiss, Licensee failed to comply with this order.

Second, Northampton County Local Rule N206[6] (emphasis added) states, in pertinent part, as follows:

> Motions and petitions which request a definitive order or decree and which are not governed by any other statute or rule of court may be presented to the appropriate Motions Judge in Motions Court only after a copy of the motion or petition and the proposed order of court have been *served on all counsel of record* and any unrepresented party at least three (3) business days prior to the intended date of presentation. Notice of the date, time and place of presentation must accompany the copy of the motion or petition and proposed order of court. Service may be made in any manner, including facsimile transmission, *which results in the delivery of the required documents at least three (3) business days before the day of presentation.* The presenting party must attach to the motion or petition a certification of compliance with this rule setting forth the date on which the motion or petition was served on counsel and unrepresented parties.

The Explanatory Comment to Local Rule N206 (emphasis added) states, in pertinent part, as follows:

> The purpose of this rule is to foster the use of Motion Court practice for all matters which are not likely to require lengthy evidentiary hearings or involve argument on complex legal issues. Nevertheless, sufficient notice and *receipt* of the motion or petition and proposed order of court *is required by law and fundamental fairness.* Counsel desiring to take advantage of Motions Court

practice must be diligent in complying with the notice requirement.

Here, Licensee failed to serve a copy of the Petition to Make Rule Absolute on counsel of record in Scranton and King of Prussia. Licensee only mailed a copy of the petition to DOT in Harrisburg. Moreover, Licensee mailed the copy to DOT on December 11, 2000, four business days before Licensee was to present his petition to the trial court. Such service did *not* result in the delivery of the documents to counsel at least three business days before December 15, 2000. As the Explanatory Comment indicates, receipt by counsel was *required* by law and fundamental fairness. Because Licensee did not comply with the notice requirements of the March 11, 1999 order and Local Rule N206, the trial court erred in making the Rule to Show Cause absolute.

■ DOT next argues that the trial court erred in sustaining Licensee's appeal because Licensee failed to submit proof of financial responsibility with his petition. We agree.

Section 1773 of the Vehicle Code states that a person's operating privileges shall remain suspended until the person furnishes proof of financial responsibility as required. Licensee asserts in his brief that he sent the required proof to DOT in a letter dated May 17, 1999. (Licensee's brief at 14.) Licensee has attached a copy of this letter to his brief; however, Licensee recognizes that the May 17, 1999 letter is not part of the record before this court. (Licensee's brief at 14.) Thus, we may not consider it here.

■ Finally, DOT argues that the trial court erred in sustaining Licensee's appeal because Licensee failed to submit proof that the judgments were stricken. DOT

---

6. The local rules of court for the Northampton County Court of Common Pleas are available on the worldwide web via www.northamptoncounty.org.

asserts that the evidence provided by Licensee shows only that the *liens* of judgment were stricken. We agree.

Section 1773 of the Vehicle Code states that a person's operating privileges shall remain suspended until every judgment is stayed, satisfied in full, or satisfied to the extent provided in Subchapter G of Chapter 17 of the Vehicle Code. For instance, section 1774(a)(3) of the Vehicle Code, 75 Pa.C.S. § 1774(a)(3), states that judgments shall be deemed satisfied when $5,000 has been credited upon any judgments in excess of that amount resulting from any one accident. Here, the total of the three judgments resulting from the accident exceeds $5,000; therefore, Licensee can satisfy those judgments for the purposes of section 1773 of the Vehicle Code by paying $5,000. However, he has not done so.

Moreover, section 1775 of the Vehicle Code, 75 Pa.C.S. § 1775, allows a judgment debtor to seek a court order authorizing installment payments to satisfy a judgment. As long as the judgment debtor complies with the court order, DOT shall not suspend the person's operating privileges. 75 Pa.C.S. § 1775(b). Here, however, Licensee has not sought a court order to authorize installment payments. Therefore, Licensee is not entitled to dismissal of the suspension of his operating privileges on this basis.

Indeed, Licensee presented no proof that the judgments were stayed or that Licensee had satisfied the three judgments in any manner provided in Subchapter G of Chapter 17 of the Vehicle Code. Although Licensee indicated at the March 11, 1999 hearing that he would have the judgments themselves stricken, Licensee's proof shows only that the *liens* of judgment were stricken. This is not sufficient to meet the requirements of section 1773 of the Vehicle Code.[7]

Accordingly, we reverse.

### *ORDER*

AND NOW, this 8th day of August, 2001, the order of the Court of Common Pleas of Northampton County, dated December 15, 2000, is hereby reversed.

Judge SMITH concurs in the result only.

---

**7.** Although the liens of judgment have been stricken in this case, they may be revived and continued pursuant to Pa. R.C.P. Nos. 3025 and 3027. Rule 3025(1) states that a proceeding to revive and continue a lien of a judgment may be commenced by filing a praecipe for a writ of revival. Rule 3027(a) states that, upon the issuance of a writ of revival, the prothonotary shall index it in the judgment index. Rule 3027(b) states that, when indexed, the writ of revival shall be a lien upon all real property within the county owned by the defendant.