**Charles H. THOMAN, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 2, 2009.

Decided Feb. 9, 2009.

386

Wendy B. Roberts, Media, for appellant.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge LEAVITT.

Charles Thoman (Licensee) appeals from an order of the Court of Common Pleas of Chester County (trial court) that upheld the one-year suspension of his driver's license because Licensee refused to consent to chemical testing in violation of Section 1547(b)(1) of the Vehicle Code (Implied Consent Law).[1] We affirm.

On February 21, 2008, the Department of Transportation, Bureau of Driver Licensing (Department) notified Licensee that his operating privileges were being suspended for one year pursuant to the Implied Consent Law. Licensee appealed, and a *de novo* hearing was held on June 19, 2008.

At that hearing, Officer Francis E. Bryan of the Phoenixville Borough Police Department testified that on February 9, 2008, he encountered Licensee on Anderson Avenue in Phoenixville, when Licensee's westbound car crossed the center line directly into the path of the eastbound police cruiser driven by Officer Bryan, causing Officer Bryan to stop his vehicle. Officer Bryan watched Licensee back his vehicle into the driveway of his own home, striking a telephone pole as he did so. When Licensee stepped from his vehicle and walked to the rear to examine the damage, Officer Bryan approached Licensee and asked for his driver's license, registration and insurance. In the course of this exchange, Officer Bryan noticed signs of intoxication in Licensee, including bloodshot eyes, unsteadiness and sluggish movements. After Licensee failed a field sobriety test, Officer Bryan arrested Licensee for driving under the influence of alcohol.

Officer Bryan transported Licensee to the Phoenixville Hospital for chemical testing, where in the parking lot of the hospital, he read verbatim the implied consent form, the DL–26 Form, to Licensee while Licensee was seated in the back of the police car. Officer Bryan could not recall whether Licensee had any specific ques-

1. Section 1547(b)(1) of the Code, commonly referred to as the "Implied Consent Law," authorizes suspension of the driving privileges of a licensee where the licensee is placed under arrest for driving under the influence of alcohol, and the licensee refuses a police officer's request to submit to chemical testing. 75 Pa.C.S. § 1547(b)(1).

tions; the only clear recollection he had was that Licensee said the word "no" in response to the question of whether he would submit to a chemical test for blood. Reproduced Record at 29a. (R.R.——).

Licensee contradicted Officer Bryan's account. Licensee testified that when the officer asked him whether he wanted to take a blood test, he had responded by asking whether he had a choice in the matter. According to Licensee, Officer Bryan answered, "if you want to take a blood test, take a blood test. If you don't want to take a blood test, don't take a blood test." R.R. 40a. Licensee responded by stating, "if you're saying I have a choice, then I decline." Id. Licensee also testified that he questioned the officer specifically about what would happen if he refused the blood test and that Officer Bryan responded that, "I will have you home in a half hour," to which Licensee responded, "well, then, I decline." R.R. 41a.

When questioned if he had any recollection of any form or piece of paper being read to him that explained the consequences of refusing a chemical test, Licensee testified that he did not. When questioned if he was given a form to sign in the police car or at the hospital, Licensee testified that he was not asked to sign anything. When questioned if he was given the opportunity to read a form that explained the consequences of refusing to submit to a blood alcohol test, either at the hospital or at the Police Department, Licensee testified that he was not. Finally, when shown the Department's exhibit, the DL–26 Form, Licensee was asked whether he had seen the form prior to the hearing, and he replied that he had never before seen the form.

The trial court credited Officer Bryan's testimony and did not credit Licensee's testimony. The trial court held that the Department met its burden of proving that Licensee was arrested for driving under the influence of alcohol; that the arrest was based on probable cause; that there was a request that Licensee submit to a blood test and that Licensee refused; and that the warnings had been given to Licensee prior to the request for testing. Accordingly, the trial court upheld the Department's one-year suspension of Licensee's operating privileges.

■ On appeal,[2] Licensee, argues, for the first time, that the warning read by Officer Bryan from the DL–26 Form was legally insufficient, based on this Court's holding in *Yourick v. Department of Transportation, Bureau of Driver Licensing,* (Pa.Cmwlth., No. 2280 C.D.2007, filed July 23, 2008; withdrawn on grant of reargument *en banc* September 5, 2008).[3] Licensee contends that, as in *Yourick,* paragraph three of the DL–26 Form read to him is ambiguous because it can lead a licensee to believe that a refusal to undergo chemical testing results in a license suspension only if the licensee had previously refused a chemical test or previously

2. This Court's scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Finnegan v. Department of Transportation, Bureau of Driver Licensing,* 844 A.2d 645, 648 n. 3 (Pa.Cmwlth.2004).

3. This Court's decision in *Yourick* was filed on July 23, 2008, after the trial court conducted its hearing. The trial court issued an opinion, in accordance with Pa. R.A.P.1925(a), in which it concluded that although the DL–26 Form at issue in *Yourick* was the one read to Licensee, the facts were distinguishable because Licensee had failed to show that he was not capable of making a knowing and conscious refusal.

been convicted of driving under the influence.[4] Thus, Licensee argues that the Department did not meet its threshold burden of proving that it gave a sufficient warning as required by 75 Pa.C.S. § 1547(b)(2).[5]

■ To sustain a license suspension under Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, the Department bears the burden of proving that the driver (1) was placed under arrest for driving while under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would result in the revocation of his or her driver's license. *Todd v. Department of Transportation, Bureau of Driver Licensing*, 555 Pa. 193, 197, 723 A.2d 655, 657–658 (1999). To satisfy the "specific warning" requirement, "a precisely enunciated warning that a driver's license *will be* revoked" must be given. *Everhart v. Commonwealth of Pennsylvania*, 54 Pa.Cmwlth. 22, 26, 420 A.2d 13, 15 (1980) (emphasis added). If the Department satisfies its initial burden as found in *Todd*, the burden shifts to the licensee to show that his refusal was not knowing or conscious or that he was physically unable to take the test. *Yoon v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 386, 388 (Pa.Cmwlth.1998). However, if a licensee does not receive a specific warning, it is irrelevant whether his refusal to submit to chemical testing was knowing and conscious. Id. at 388, n. 5. Questions of credibility are for the trial court. *Department of Transportation v. O'Connell*, 521 Pa. 242, 248, 555 A.2d 873, 875 (1989).

■■ We must reject Licensee's argument that the warning read to him was ambiguous. First, Licensee's reliance on *Yourick* is misplaced inasmuch as the *Yourick* opinion that Licensee points to has been withdrawn.[6] Second, Licensee did not preserve the claim that the language of the DL–26 Form read to him was ambiguous. Licensee did not raise this issue at his hearing before the trial court.

---

4. The Department's DL–26 Form used in the present case was issued February 2005 and differs slightly from the August 2006 DL–26 Form reviewed in *Yourick*. The DL–26 Form read to Licensee states:

   3. It is my duty as a police officer to inform you that *if you refuse to submit to the chemical test, your operating privilege will be suspended for at least 12 months, and up to 18 months, if you have prior refusals or have been previously sentenced for driving under the influence.* In addition, if you refuse to submit to the chemical test, and you are convicted of or plead violating Section 3802(a)(1) (relating to impaired driving) of the Vehicle Code, because of your refusal, you will be subject to the more severe penalties set forth in Section 3804(c) (relating to penalties) of the Vehicle Code, which include a minimum of 72 hours in jail and a minimum fine of $1,000.00, up to a maximum of five years in jail and a maximum fine of $10,000.

   Certified Record, Exhibit C–1, No. 2 (Emphasis added). The emphasized sentence was the one relevant in *Yourick* and is identical in the February 2005 and August 2006 versions of the DL–26 Form.

5. It states:

   It shall be the duty of the police officer to inform the person that:
   (i) the person's operating privilege will be suspended upon refusal to submit to chemical testing; and
   (ii) if the person refuses to submit to chemical testing, upon conviction or plea for violating section 3802(a)(1), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).

   75 Pa.C.S. § 1547(b)(2).

6. Following reargument *en banc*, this Court issued a new opinion in *Yourick* with a different holding. *Yourick*, 965 A.2d 341, 2008 WL 5574504 (Pa.Cmwlth.2009).

Indeed, before the trial court, Licensee contended that he received no warning whatsoever. It is too late for Licensee to challenge the language of the warning, which he asserts he neither heard nor saw, for the first time in his appeal to this Court. We may only review issues on appeal that were presented to the trial court. PA. R.A.P. 302(a); *Dilliplaine v. Lehigh Valley Trust Co.* 457 Pa. 255, 258–259, 322 A.2d 114, 116 (1974).

Licensee does not assert that the Department did not satisfy the other requirements for a license suspension. Accordingly, we hold that the Department satisfied its burden as enunciated in *Todd,* 555 Pa. at 197, 723 A.2d at 657–658, and the order of the trial court is affirmed.

### ORDER

AND NOW, this 9th day of February, 2009, the order of Court of Common Pleas of Chester County dated June 19, 2008, in the above-captioned matter is hereby AFFIRMED.