## PennDOT v. Gallagher

C.P. of Philadelphia County, March Term, 2009, no. 1218.

*Marc A. Werlinsky,* for Commonwealth.
*Jonathan Krinick,* for defendant.

ROGERS, *J.,* January 20, 2010—On March 11, 2008, the appellee, James Gallagher, was officially notified by the Bureau of Driver Licensing of the Commonwealth of Pennsylvania that it was suspending his privilege to operate a motor vehicle for one year. This action was taken pursuant to a conviction and sentencing of Mr. Gallagher in Philadelphia Municipal Court by the Honorable William A. Meehan Jr.

He was found guilty on June 12, 2007 of a violation of section 3802(a)(1) of the Motor Vehicle Code, the "general impairment" driving under the influence (DUI) offense, after a "stipulated trial." On August 15, 2007, he was sentenced to three to six days incarceration, a concurrent term of six months reporting probation, mandatory fines, court costs, lab fees, and attendance at safe driving school.

Mr. Gallagher appeared before this court on July 17, 2009, to appeal the one-year operating privilege suspension from appellant. At that time, appellant took the position that the one-year suspension was mandatory because of the nature of the sentence that appellee had received on August 15, 2007. Mr. Gallagher contested

that argument, and this court essentially "remanded" the criminal portion of this case back to Philadelphia Municipal Court to give Judge Meehan the opportunity to modify the judgment of sentence.

Judge Meehan entered an amended sentencing order, dated August 31, 2009, in which he repeated the terms of his original sentence. In addition, the Philadelphia Municipal Court directed the court clerk to amend the sentencing documents to document the fact that Mr. Gallagher was, in fact, being sentenced pursuant to section 3804(a)(1) of the Motor Vehicle Code. The first "DL-21" sentencing form that was completed by the Philadelphia Municipal Court on August 15 and submitted to appellee did not indicate that Mr. Gallagher was sentenced pursuant to section 3804(a)(1).

At the second appeal hearing on October 16, 2009, appellant offered the amended sentencing order and amended sentencing form into evidence. Appellant continued to argue before this court that Mr. Gallagher was not, in fact, sentenced pursuant to section 3804(a)(1), and that he was subject to the mandatory one-year suspension provisions of section 3804(e). It was agreed by all parties in the instant case, and in the criminal case, that Mr. Gallagher had no prior DUI offenses, arrests, or convictions.

The provisions of 75 Pa.C.S. §3802(a)(1) spell out the elements of "general impairment" as they relate to driving under the influence of alcohol or a controlled substance.

"(a) General Impairment.—

"(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

"(2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08 percent but less than 0.10 percent within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle."

In his Philadelphia Municipal Court criminal trial, the appellant was adjudged guilty of section 3802(a)(1).

Because this portion of the Vehicle Code does not contain a section that addresses the penalty to be applied for a violation of section 3802(a)(1), one must look to section 3804 to determine the applicable sentence.

"(a) General Impairment.—Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:

"(1) For a first offense, to:

"(i) undergo a mandatory minimum term of six months probation;

"(ii) pay a fine of $300;

"(iii) attend an alcohol highway safety school approved by the department; and

"(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).

"(2) For a second offense, to:

"(i) undergo imprisonment for not less than five days;

"(ii) pay a fine of not less than $300 nor more than $2,500;

"(iii) attend an alcohol highway safety school approved by the department; and

"(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

"(3) For a third or subsequent offense, to:

"(i) undergo imprisonment of not less than ten days;

"(ii) pay a fine of not less than $500 nor more than $5,000; and

"(iii) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

(e) Suspension of Operating Privileges Upon Conviction.—

"(1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:

"(i) an offense under section 3802; or

"(ii) an offense which is substantially similar to an offense enumerated in section 3802 reported to the department under article III of the compact in section 1581 (relating to driver's license compact)."

Though it is apparent that Mr. Gallagher received the exact sentence mandated in section 3804(a)(1), appellant contends that is not the case because he *also* was initially given a jail sentence of three to six days. Appellant reasons that the jail time placed appellee within the mandatory suspension edict of section 3804(e), because he was an "individual under paragraph (2)" or essentially a second-offense violator.

The problem with this argument is that the judgment of sentence in this case was amended by the trial judge, and his sentencing documents were modified to make it clear that it was always the court's intention to sentence appellee within the purview of section 3804(a)(1). Moreover, even without the amendments and modifications, there is nothing in the statutory provisions of section 3804(a)(1) that suggest that the *addition* of jail time automatically transforms a defendant from a first-time offender to a second-time offender.

The appellant cites the case of *Glidden v. PennDOT,* 962 A.2d 9 (Pa. Commw. 2008) in support of his argument that the criminal sentence "mandates the imposition of the one-year suspension." However, the *Glidden* holding is inapposite, and its facts are markedly distinguishable from the instant case. Though it is true that the court clerk certified that Mr. Glidden was not sentenced pursuant to 75 Pa.C.S. §3804(a)(1), and the trial court ruled

that the mandatory one-year suspension applied, there were substantially different issues in that case.

"On appeal, licensee argues the trial court erred by basing its opinion, in part, on documents from licensee's underlying criminal conviction that were never submitted as part of the record. Next, licensee contends the trial court erred as a matter of law by finding the criminal court sentenced him pursuant to *section 3804(b)* of the Vehicle Code, 75 Pa.C.S. §3804(b) (penalties for DUI resulting in accidents) and section 3804(c) of the Vehicle Code, *75 Pa. C.S. §3804(c)* (penalties for DUI coupled with a refusal of chemical testing) rather than pursuant to 75 Pa.C.S. §3804(a)(1) (penalties for first-time DUI offenders). Finally, licensee argues the trial court erred by finding the severity of his punishment established the criminal court did not sentence him as a first-time DUI offender." *Id* at 11. (emphasis added) (footnote omitted)

The *Glidden* court looked at the sentence that the defendant received and came to the conclusion that there was a real question to whether he was actually a first-time offender.

"Here, licensee admitted to receiving a sentence of 30 days in prison. Given the statutory scheme discussed above, this minimum penalty was so far beyond the minimum penalty for even a third-time general impairment DUI offender as to support the trial court's inference that licensee was not sentenced under the provisions for first-time offenders. Further, licensee's minimum penalty is more consistent with first- or second-time offenders for DUI offenses involving injury. Also, his minimum

penalty is more consistent with first-time offenders for DUI offenses involving a refusal of testing. In short, a comparison of the statutory scheme with the sentencing plan for licensee supports the respected trial court's decision." *Id* at 13.

There is nothing in this case to suggest that there is any reason to believe that Mr. Gallagher was anything but a first-time offender, and there is no evidence that injury, test refusal, or any other aggravating factor was present in the sentencing determination. Moreover, the sentence of three to six days in the instant case was markedly less than the thirty-day sentence in *Glidden* and thus does not raise the same questions or issues.

The scope of appellate review in a license suspension case is limited to determining whether the necessary findings are supported by competent evidence of record and whether the trial court committed an error of law or abused its discretion in making its decision. *Todd v. PennDOT,* 555 Pa. 193, 723 A.2d 655 (1999). Whether reasonable grounds exist is a question of law reviewable by the court on a case-by-case basis. *PennDOT v. Malizio,* 152 Pa. Commw. 57, 618 A.2d 1091 (1992).

Under these circumstances, this court did nor err or abuse its discretion by holding that Mr. Gallagher was a first-time offender who was not subject to the mandatory one-year suspension.

## CONCLUSION

Based upon all of the foregoing facts and applicable law, the appellee's driver's license suspension was prop-

erly rescinded, and appellant's appeal should be denied.