IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shawna L. Wireman | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Motor Vehicles, | : | No. 148 C.D. 2015 |
| Appellant | : | Submitted: August 14, 2015 |

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                      HONORABLE PATRICIA A. McCULLOUGH, Judge
                      HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                                      FILED:  August 28, 2015

The Pennsylvania Department of Transportation (DOT) contests the order of the Court of Common Pleas of Westmoreland County (trial court) which sustained the appeal of Shawna L. Wireman (Wireman) from a three-month vehicle registration suspension of her 2005 Buick station wagon (the "Vehicle"), pursuant to Section 1786(d)(1) of the Vehicle Code (Code), 75 Pa.C.S. §1786(d)(1).[1]

---

[1]    Section 1786(d)(1) of the Code provides:

> The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determined the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.  The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operation privilege or vehicle registration) is paid.

By official notice dated September 28, 2014, DOT informed Wireman that the registration for the Vehicle was to be suspended for three months effective November 2, 2014, because the insurance policy covering the Vehicle was terminated on July 26, 2014. Wireman appealed to the trial court.

At a *de novo* hearing on January 23, 2015[2], DOT introduced into evidence a packet of documents that established Wireman's violation of Section 1786(d) of the Code, 75 Pa.C.S. §1786(d), and, also, that she was notified of the suspension.

Wireman testified that her insurance on the vehicle lapsed from July 26, 2014, until September 29, 2014. Notes of Testimony, January 23, 2015, (N.T.) at 5-6; Reproduced Record (R.R.) at 14a-15a. Wireman explained:

> I had on the 30th – I was having problems. I had a pregnancy of twins, and I had to have an emergency C section on the 30th because I had a placenta abruption.
>
> And it was about a week or two afterwards, I was still having issues and they had retained placenta left in me, so I had to have an emergency hysterectomy because I was hemorrhaging out, bleeding. And I was in the hospital for quite a long time, and I suffered –
>
> Even afterwards, I went into a residential care facility afterwards to recover because I wasn't able to go at home and get around and everything. And then once I was home and able to go over my bills, I then . . . got insurance back and I have had the same insurance since . . . .

---

[2] Although the transcript states that the hearing was conducted on January 23, 2014, it is clear that the actual hearing date was January 23, 2015.

N.T. at 5; R.R. at 14a.

Wireman explained that she was a single mother and that no one in her household could help her with the bills.  N.T. at 6; R.R. at 15a.  Wireman further testified that she "almost died" as a result of the retained placenta.  N.T. at 8; R.R. at 17a.  Wireman testified that she did not drive during the lapse in coverage.  N.T. at 6-7; R.R. at 15a-16a.

By order dated January 23, 2015, the trial court sustained Wireman's appeal.  The trial court determined:

> 1) I made a conscientious and deliberate assessment of the owner's credibility as she appeared before me.  I evaluated her demeanor, her gestures, her language and the level of candor with which she gave her testimony. Based on these firsthand observations, I felt that she was telling the truth in explaining the reason for her non-payment of insurance premium during the 65 days that her Buick station wagon remained without insurance, but was not operated.
>
> 2) In sustaining her appeal and dismissing the suspension, I exercised what I have come to believe over the course of my judicial service to be known as judicial discretion. . . .
>
> 3) I was convinced that the reason for her late payment of insurance premium was due to her disability. (Interestingly, the outcome and law as urged by D.O.T. would no doubt have been the same even if the Owner [Wireman] had been comatose for the same lapsed period of insurance coverage.)
>
> 4) I considered the fact that the purpose of these statutes establishing mandatory financial responsibility by vehicle owners in Pennsylvania was to assure that motor vehicle

3

> owners would not evade their responsibility by intentionally refusing or failing to pay insurance premiums. I found as a fact that this purpose was not disregarded by this Owner.
>
> . . . .
>
> In summary, the various subsections of <u>Section 1786(d)</u> so limit the scope of review and so reduce the right of de novo determination by a court of record as to create a farce of general concepts of jurisprudence commonly observed by both trial courts and appellate courts. These piecemeal legislated restrictions serve to reduce the trial judge's role to be that of an automaton left to tabulate things such as whether or not the lapse of insurance is in excess of 31 days or whether or not the vehicle in question was operated during any of those 31 days. (Emphasis in original.)

Trial Court Opinion, April 22, 2015, at 2-4; R.R. at 43a-45a.

DOT contends that where it satisfied its prima facie burden of proof for the imposition of a suspension of the registration of the Vehicle due to a lapse of financial responsibility, the trial court erred when it sustained the appeal for equitable reasons.[3]

DOT has the initial burden of proof in a vehicle registration suspension proceeding pursuant to Section 1786(d)(3) of the Code, 75 Pa. C.S. §1786(d)(3). In order to shoulder this burden, DOT must establish that the vehicle is registered or of a type that is required to be registered under this title, and either that DOT received a notice of a lapse, termination, or cancellation in the financial

---

[3] This Court's review is limited to a determination of whether necessary findings of fact are supported by substantial evidence of record, whether the trial court committed an error of law, and whether the trial court abused its discretion. <u>Todd v. Department of Transportation, Bureau of Driver Licensing</u>, 723 A.2d 655 (Pa. 1999).

responsibility coverage or that the owner, registrant or driver was requested to provide proof of financial responsibility to DOT, a police officer or another driver and failed to do so. See Fell v. Department of Transportation, Bureau of Motor Vehicles, 925 A.2d 232 (Pa. Cmwlth. 2007).

To establish its initial burden of proof for a vehicle registration suspension, DOT must submit the necessary documentation as set forth in Section 1377(b)(2) of the Code, 75 Pa. C.S. §1377(b)(2).[4] This Court agrees with DOT that it shouldered its burden.

Here, DOT introduced a packet of documents which established the rebuttable presumption that 1) the vehicle was required to be registered in the Commonwealth; and 2) DOT received a notice of a cancellation in the financial responsibility coverage. This constituted prima facie proof of the cancellation of Wireman's policy.

---

[4] Section 1377 of the Code, 75 Pa. C.S. §1377, provides:
(b) DOCUMENTATION
….
(2) In a proceeding relating to the suspension of the registration of a motor vehicle imposed under section 1786 (relating to required financial responsibility), the department's certification of its receipt of documents or electronic transmission from an insurance company informing the department that the person's coverage has lapsed, been canceled or terminated shall also constitute prima facie proof that the lapse, cancellation or termination of the policy of insurance described in the electronic transmission was effective under the laws of this Commonwealth.

5

To successfully defend an appeal of a vehicle registration suspension once DOT establishes its prima facie burden of proof, a vehicle owner must prove that financial responsibility was continuously maintained on the vehicle as required by Section 1786(a) of the Code, 75 Pa. C.S. §1786(a), or that the vehicle owner fits within one of the three statutorily defined defenses outlined in Section 1786(d)(2)(i-iii) of the Code, 75 Pa. C.S. §1786(d)(2)(i-iii).[5]

The burden then shifted to Wireman to rebut the presumption by clear and convincing evidence. Fell, 925 A.2d at 239. See Section 1786(d)(3)(ii) of the Code, 75 Pa.C.S. §1786(d)(3)(ii). Wireman did not deny that her vehicle insurance lapsed. DOT established that the prior insurance coverage terminated on July 26,

---

[5] The three statutorily defined defenses set forth in Section 1786(d)(2) of the Code, 75 Pa. C.S. §1786(d)(2), are:

> (i) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

> (ii) The owner or registrant is a member of the armed services of the United States, the owner or registrant has previously had the financial responsibility required by this chapter, financial responsibility has lapsed while the owner or registrant was on temporary, emergency duty and the vehicle was not operated during the period of lapse in financial for 30 days after the owner or registrant returns from duty as long as the vehicle is not operated until the required financial responsibility has been established.

> (iii) The insurance coverage has terminated or financial responsibility has lapsed simultaneously with or subsequent to expiration of a seasonal registration, as provided in section 1307(a.1) (relating to period of registration).

2014. Wireman next obtained insurance coverage on her Vehicle on September 29, 2014, a lapse of sixty-five days. A vehicle may be without insurance coverage for fewer than thirty-one days to meet the exception contained in Section 1786(d)(2)(i) of the Code, 75 Pa. C.S. §1786(d)(2)(i). Although Wireman testified that she did not drive the Vehicle during that time, she still failed to meet the "less than thirty-one days" requirement.[6]

In summary, DOT established Wireman's failure to maintain financial responsibility on the Vehicle. Furthermore, Wireman failed to present any evidence that she fit within one of the statutory defenses. Wireman testified that she did not operate the vehicle during the period of the lapse. However, because the lapse was greater than thirty-one days, she did not establish a valid defense under Section 1786(d)(2)(i) of the Code, 75 Pa.C.S. §1786(d)(2)(i).[7]

This Court sympathizes with the difficult situation Wireman faced, but the General Assembly has spoken.

_____
BERNARD L. McGINLEY, Judge

---

[6] Wireman did not allege before the trial court that either of the other two exceptions applied.

[7] DOT notes that Section 1786(f)(1.1) of the Code, 75 Pa.C.S. §1786(d)(1.1), which became effective on January 1, 2015, provides:

> In lieu of serving a registration suspension imposed under this section, an owner or registrant may pay to the department a civil penalty of $500, the restoration fee prescribed under section 1960 and furnish proof of financial responsibility in a manner determined by the department. An owner or registrant may exercise this option no more than once in a 12-month period.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawna L. Wireman                  :
                                      :
                  v.               :
                                        :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Motor Vehicles,        :     No. 148 C.D. 2015
                 Appellant      :

## **O R D E R**

AND NOW, this 28th day of August, 2015, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is reversed.

_____
BERNARD L. McGINLEY, Judge