IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Scott McNair,                      :
                          Appellant         :
                                            :
          v.                                :      No. 194 C.D. 2020
                                            :      Submitted: April 30, 2021
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Driver Licensing                  :


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                    FILED:      August 12, 2021

          Jeffrey Scott McNair (Licensee) appeals from the order of the Court
of Common Pleas of Westmoreland County (Trial Court) that dismissed his
statutory appeal from the one-year suspension of his operating privilege imposed
by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of
Driver Licensing (PennDOT) as a consequence of his conviction under Section
3802(b) of the Vehicle Code, 75 Pa. C.S. §3802(b) (driving under the influence,
DUI, with a high rate of alcohol).  He argues that PennDOT did not submit a
certified official record of his conviction as required by Section 6103(a) of the
Judicial Code, 42 Pa. C.S. §6103(a).  PennDOT counters that Licensee did not
raise this issue before the Trial Court.  Because Licensee did not challenge the
conviction record below, we affirm the Trial Court's order dismissing his appeal.

## I. Background

In September 2019, Licensee received notice of a one-year suspension of his operating privilege from PennDOT for a violation of Section 3802(b) of the Vehicle Code, 75 Pa. C.S. §3802(b). He timely appealed the suspension to the Trial Court, which held a trial *de novo* in January 2020.

At the hearing, PennDOT submitted evidence in the form of Exhibit 1, containing the records related to Licensee's conviction. *See* Reproduced Record (R.R.) at 15, 38.[1] Licensee did not object to its admission or question its content. Licensee also did not testify or submit any other evidence. Rather, he made a single argument challenging the arresting officer's neglect to bring the DL-26 warning (outlining the consequences of a refusal to chemical testing) to the suppression hearing for the *criminal* trial that resulted in his conviction. When the Trial Court questioned Licensee's counsel further about the conviction, counsel responded that Licensee pled guilty to the offense. R.R. at 16.

By order dated January 21, 2020, the Trial Court dismissed Licensee's statutory appeal. Licensee appealed to this Court and filed a statement of errors complained of on appeal. Instead of issuing an opinion under Pa.R.A.P. 1925(a), the Trial Court advised the trial transcript contained the reasons for its decision.

## II. Discussion

In a license suspension case, the only issues are whether a criminal court convicted the licensee and whether PennDOT's suspension complied with applicable law. *Gayman v. Dep't of Transp., Bureau of Driver Licensing*, 65 A.3d 1041 (Pa. Cmwlth. 2013). PennDOT bears the initial burden to establish a *prima*

---

[1] Licensee did not properly number the reproduced record in accordance with Pa.R.A.P. 2173, as he omitted the lower case "a." As such, references to the reproduced record do not include the Arabic "a."

2

*facie* case that a record of conviction supports a suspension. *Id.* Critically, "[a]n essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension." *Rawson v. Dep't of Transp., Bureau of Driver Licensing*, 99 A.3d 143, 147 (Pa. Cmwlth. 2014).

On appeal,[2] Licensee challenges the Trial Court's decision to dismiss his statutory appeal of his one-year license suspension. He asserts that PennDOT lacked the legal authority to suspend his license because it did not obtain the certified copy of the conviction record, accompanied by a certification of custody, in accordance with Section 6103(a) of the Judicial Code, 42 Pa. C.S. §6103(a).[3]

However, PennDOT argues that Licensee did not preserve that issue for failure to raise it below. Based on the record and applicable law, we agree.

Rule 302(a) of the Pennsylvania Rules of Appellate Procedure provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). A party also has a general duty to raise an issue at the earliest opportunity. *Renna v. Dep't of Transp., Bureau of Driver Licensing*, 762 A.2d 785, 788 (Pa. Cmwlth. 2000) (discerning waiver when licensee did not raise issue until after the hearing, in post-trial briefs).

---

[2] Our review in a license suspension case is limited to determining whether necessary findings are supported by substantial evidence of record and whether the trial court committed an error of law or abused its discretion in making its decision. *Levinson v. Dep't of Transp., Bureau of Driver Licensing*, 926 A.2d 1284, 1285 (Pa. Cmwlth. 2007).

[3] Section 6103(a) of the Judicial Code, 42 Pa. C.S. §6103(a), provides in relevant part:

(a) General Rule.--An official record kept within this Commonwealth by any court, magisterial district judge or other government unit . . . when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by that officer's deputy, and accompanied by a certificate that the officer has the custody.

Here, Licensee did not raise the issue of noncompliance with Section 6103(a) at any time during the proceedings before the Trial Court, despite ample opportunity to do so. The trial transcript reflects the following exchange when PennDOT presented its case:

> [PennDOT Counsel]: . . . Your Honor, the reason why it is a one-year suspension is because there was a prior DUI conviction, and the first DUI conviction occurred on March 3rd of 2017. With that, the Commonwealth would seek to have admitted into evidence what will be marked as Commonwealth's Exhibit Number 1, and that shows both the official notice of the suspension and also the electronically transmitted Clerk of Courts reading, which show the convictions, which are present on [Licensee's] driving record.
>
> [Licensee's Counsel]: Can I see?
>
> [PennDOT Counsel]: Sure.
>
> THE COURT: Any objection?
>
> [Licensee's Counsel]: No, Your Honor.

R.R. at 15. Waiver is clear on this record.

Licensee's counsel did not object to the admission of Exhibit 1 or note any deficiencies in the conviction report relating to form or content at the time of its admission. Also, at the close of the hearing, the Trial Court entertained argument regarding the parties' positions, thus affording Licensee another opportunity to challenge the content or conformity of the conviction record and lack of certification. Despite repeated opportunities, Licensee did not object to the conviction record on any grounds.

Additionally, as in *Renna*, Licensee did not challenge the conviction record for noncompliance with 42 Pa. C.S. §6103 in his appeal to the Trial Court. Nor did he raise it during the hearing, where Licensee was represented by counsel;

4

in fact, counsel did not object to the admission of the certified conviction report, much less challenge its conformity with Section 6103 of the Judicial Code, 42 Pa. C.S. §6103, at any time during the proceedings.

Further, this Court's precedent supports affirming the Trial Court's dismissal of Licensee's appeal for failure to preserve the issue below. *See Campbell v. Dep't of Transp., Bureau of Driver Licensing*, 86 A.3d 344, 349-50 (Pa. Cmwlth. 2014); *Thoman v. Dep't of Transp., Bureau of Driver Licensing*, 965 A.2d 385 (Pa. Cmwlth. 2009) (holding licensee waived issue regarding whether police officer read implied consent warning where not raised to trial court); *Wert v. Dep't of Transp., Bureau of Driver Licensing*, 821 A.2d 182 (Pa. Cmwlth. 2003) (holding issues not raised before the trial court cannot be raised for the first time on appeal); *Renna*. Even when the issue pertains to an element necessary for PennDOT's *prima facia* case, the licensee must raise it at the first opportunity. *Kollar v. Dep't of Transp., Bureau of Driver Licensing*, 7 A.3d 336, 343 (Pa. Cmwlth. 2010); *Renna*.

In sum, because Licensee failed to preserve a challenge to the conviction report below, the issue is waived, and we do not address its merit.

### III. Conclusion

For the foregoing reasons, the order of the Trial Court dismissing Licensee's statutory appeal is affirmed.

_____
J. ANDREW CROMPTON, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Scott McNair,          :
           Appellant      :
                            :
       v.                     :    No. 194 C.D. 2020
                            :
Commonwealth of Pennsylvania,    :
Department of Transportation,      :
Bureau of Driver Licensing        :

# **O R D E R**

**AND NOW**, this 12th day of August 2021, the order of the Court of Common Pleas of Westmoreland County is AFFIRMED.

_____
J. ANDREW CROMPTON, Judge