# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard McBeth                            :
                                          :
        v.                                :    No. 558 C.D. 2018
                                          :    Submitted: November 16, 2018
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing,               :
                        Appellant         :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: January 31, 2019**

   The Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals from the order of the Westmoreland County Court of Common Pleas (trial court) sustaining the statutory appeal of Richard McBeth (Licensee) from the 18-month suspension of his operating privilege under 75 Pa. C.S. §1547(b)(1)(ii) (Implied Consent Law).  PennDOT suspended Licensee's operating privilege based on his reported refusal to submit to chemical testing after his arrest for driving under the influence of alcohol or a controlled substance (DUI) pursuant to 75 Pa. C.S. §3802.  Significantly, in its opinion issued under Pa. R.A.P. 1925(a), the trial court requested we reverse its post-hearing order.  Accordingly, we reverse.

## I. Background

   On August 14, 2016, Pennsylvania State Police Trooper Thomas Dohey (Arresting Officer) was dispatched to the scene of a two-vehicle accident.  Licensee

was not involved in the accident; rather, he was a passenger in a personal vehicle a member of the volunteer fire department (Driver) drove to the scene to assist other first responders. Another Pennsylvania State Police Trooper investigating the accident, Kimberly Zubovic (Trooper Zubovic), advised Arresting Officer that she planned to take Licensee and Driver "into custody for DUI for responding to this accident scene" after she completed her investigation. Reproduced Record (R.R.) at 27a. She also informed Arresting Officer she observed Licensee, "who was highly intoxicated," in the driver's seat moving the vehicle to a safer location away from the accident scene. Id.

Following Trooper Zubovic's instructions, Arresting Officer found Licensee asleep in the passenger seat of the vehicle. Arresting Officer "smell[ed] a strong odor of alcoholic beverage emanating from [Licensee's] person." R.R. at 29a. He also observed Licensee had slurred speech and bloodshot eyes. He then asked Licensee to exit the vehicle and patted him down for weapons. Licensee was visibly agitated throughout the process. When Arresting Officer asked him to submit to field sobriety testing, Licensee replied, "F*ck you, I wasn't driving." R.R. at 30a. Licensee did not perform any field sobriety tests, as he resisted arrest. Arresting Officer then took Licensee into custody for suspicion of DUI.

At the barracks, Arresting Officer read PennDOT's Form DL-26A to Licensee. He asked Licensee to submit to a breath test. Although Licensee submitted a breath sample, it was insufficient. Licensee did not submit a second sample or sign the form. As a result, Arresting Officer recorded Licensee's action as a refusal to submit to testing.

2

Based on his refusal to perform the breath test, PennDOT suspended Licensee's operating privilege for 18 months. Licensee appealed to the trial court.

At a hearing before the trial court, PennDOT submitted a certified copy of Licensee's driving record and presented the testimony of Arresting Officer and the Pennsylvania State Police Trooper who administered the chemical breath test to Licensee (Certified Tester). Trooper Zubovic did not testify. Licensee, who was represented by counsel at that time, testified on his own behalf.

Arresting Officer testified about his observations of Licensee that led him to believe Licensee was intoxicated, including slurred speech and bloodshot eyes. He noted that on waking, Licensee was belligerent and used vulgarity. When Arresting Officer testified as to Trooper Zubovic's observations that Licensee moved the vehicle while intoxicated, Licensee's counsel raised a hearsay objection. After argument, the trial court overruled the objection, and it allowed Arresting Officer's testimony regarding what Trooper Zubovic told him about Licensee.

Certified Tester testified that when he administered the breath test to Licensee, he requested two breath samples. The first sample was insufficient because Licensee did not give a consistent sample. Certified Tester offered Licensee a couple of opportunities to provide a second sample, but Licensee refused.

Licensee testified regarding the incident, acknowledging his agitation. He testified he was not informed why he was placed under arrest for DUI when he was not driving. He explained he had difficulty breathing and his heart was racing.

3

He has a heart condition for which he has a mechanical valve. He claimed he attempted to provide a sample, but he did not have sufficient breath to do so. He was subsequently diagnosed by a pulmonologist with asthma. After he requested medical assistance, Licensee was transported from the barracks in an ambulance.

At the close of the hearing, the trial court questioned the whereabouts of Trooper Zubovic, stating Arresting Officer only testified as to Trooper Zubovic's statement that she planned to arrest Licensee and Driver for DUI. It concluded PennDOT did not establish sufficient facts to meet the reasonable grounds standard, and it sustained Licensee's appeal from the bench. PennDOT appealed to this Court.

The trial court ordered PennDOT to file a concise statement of the errors complained of on appeal under Pa. R.A.P. 1925(b). In its Rule 1925(b) Statement, PennDOT asserted the trial court erred in concluding Arresting Officer lacked reasonable grounds to believe Licensee operated a vehicle while he was intoxicated.

In its Rule 1925(a) opinion, the trial court requested that this Court reverse its decision. After summarizing Arresting Officer's testimony as to Trooper Zubovic's observations of Licensee, it concluded "reasonable grounds had been established upon which [Arresting Officer] could rely" in requesting Licensee to submit to chemical testing. Tr. Ct., Slip Op., 5/24/18, at 1.

PennDOT filed a brief asking this Court to agree with the trial court's Rule 1925(a) opinion. Licensee, who is unrepresented by counsel on appeal, did not file a brief.

4

## II. Discussion

On appeal,[1] PennDOT argues the trial court erred in sustaining Licensee's appeal because Trooper Zubovic's statements supplied reasonable grounds for Arresting Officer's belief that Licensee operated a vehicle while under the influence.

To sustain a suspension of a licensee's operating privilege under the Implied Consent Law, PennDOT must establish the licensee: (1) was arrested for DUI by an officer with reasonable grounds to believe the licensee was operating a vehicle while under the influence of alcohol or a controlled substance; (2) was requested to submit to chemical testing; (3) refused to submit to chemical testing; and (4) was warned by the officer that his license would be suspended if he refused to submit to chemical testing. Jackson v. Dep't of Transp., Bureau of Driver Licensing, 191 A.3d 931 (Pa. Cmwlth. 2018). Only the first prong is before us in this case.

PennDOT bears the initial burden of proving that Arresting Officer had reasonable grounds for believing that Licensee was operating a vehicle while under the influence of alcohol. Trooper Zubovic's statements are the only evidence supporting the reasonableness of his belief. Thus, we examine whether her statements confer the requisite reasonable grounds.

Section 1547(a) of the Vehicle Code states in pertinent part:

**(a) General rule.**--Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given

---

[1] Our review is limited to determining whether the trial court committed an error of law or abused its discretion, and whether necessary findings of fact were supported by substantial evidence. Schlag v. Dep't of Transp., Bureau of Driver Licensing, 963 A.2d 598 (Pa. Cmwlth. 2009).

5

consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance <u>if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle</u> [….]

75 Pa. C.S. §1547(a) (emphasis added).  Whether reasonable grounds exist presents a question of law the courts determine on a case-by-case basis.  <u>Banner v. Dep't of Transp., Bureau of Driver Licensing</u>, 737 A.2d 1203 (Pa. 1999).

## A. Out-of-Court Statements

PennDOT argues the "sole reason" the trial court sustained Licensee's appeal was because Arresting Officer did not see Licensee operate the vehicle, and instead relied on statements by Trooper Zubovic that Licensee drove a vehicle while "highly intoxicated."  Appellant's Br. at 14.  It assigns error in that the trial court initially did not consider Trooper Zubovic's statements as conferring reasonable grounds for Arresting Officer's belief that Licensee was operating a vehicle while under the influence of alcohol.

Trooper Zubovic's out-of-court statements are inadmissible hearsay if offered to prove the truth of the matter asserted.  <u>Bonegre v. Workers' Comp. Appeal Bd. (Bertolini's)</u>, 863 A.2d 68 (Pa. Cmwlth. 2004).  "Statements made to an arresting officer, however, are admissible to show the officer's state of mind and establish whether he had reasonable grounds to believe the licensee operated a motor vehicle while intoxicated."  <u>Menosky v. Commonwealth</u>, 550 A.2d 1372, 1374 (Pa. Cmwlth. 1988).

6

As to her statements, Arresting Officer testified: "Trooper Zubovic advised me that after she was done with her accident investigation, that another individual and [Licensee] would be taken into custody for DUI for responding to this accident scene." Tr. Ct. Hr'g, Notes of Testimony (N.T.), 8/20/18, at 7; R.R. at 27a. He also testified: "When Trooper Zubovic arrived on scene, <u>she informed me that [Licensee] was in the driver's seat moving the vehicle</u> to a safer location for, like I said because it was an accident response." <u>Id.</u> (emphasis added). Also, Trooper Zubovic told Arresting Officer that when she made contact with Licensee, he was "highly intoxicated," so she made him move to the passenger side of the vehicle. <u>Id.</u>

PennDOT offered this testimony to show "the reasonable grounds that [Arresting] [O]fficer had to form in order to suspect that [Licensee] was driving." R.R. at 26a. Trooper Zubovic's statements are admissible for this purpose. <u>Menosky</u>. Thus, her statements are properly part of the record.

**B. Reasonable Grounds**

Next, we consider whether Trooper Zubovic's out-of-court statements supply reasonable grounds for Arresting Officer's belief that Licensee was in actual control of a vehicle while under the influence of alcohol.

Reasonable grounds exist when an officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating the vehicle while under the influence of alcohol. <u>DiPaolo v. Dep't of Transp., Bureau of Driver Licensing</u>, 700 A.2d 569 (Pa. Cmwlth. 1997). Simply

7

because other inferences are possible does not render an arresting officer's belief unreasonable. Polinsky v. Dep't of Transp., 569 A.2d 425 (Pa. Cmwlth. 1990).

In determining whether an officer had reasonable grounds to believe that a licensee was in "actual physical control of a vehicle, [we] must consider the totality of the circumstances." Banner, 737 A.2d at 1207. When the arresting officer did not observe the licensee driving the vehicle, these circumstances include the location of the vehicle, whether the engine was running, and whether other evidence indicated that a licensee drove the vehicle while under the influence prior to the arresting officer's arrival. Id.

Precedent establishes an officer need not see a licensee operating a vehicle while under the influence in order for that officer to have reasonable grounds to believe the licensee was operating a vehicle. Walkden v. Dep't of Transp., Bureau of Driver Licensing, 103 A.3d 432 (Pa. Cmwlth. 2014). PennDOT may establish reasonable grounds through statements of a third party who witnessed the licensee driving while under the influence of alcohol. Schlag v. Dep't of Transp., Bureau of Driver Licensing, 963 A.2d 598 (Pa. Cmwlth. 2009) (witness followed licensee leaving hit-and-run from vehicle to residence and confronted licensee; reported to officer he smelled alcohol on licensee's breath, and his speech was very slurred).

Relevant here, Arresting Officer testified that Trooper Zubovic told him she saw Licensee move the vehicle when she arrived at the accident scene. At the close of the hearing, the trial court characterized Arresting Officer's testimony about Trooper Zubovic's statements as follows:

> Well, here's the problem … all that [Arresting Officer] testifies <u>to having received information[-]wise from Trooper Zubovic is, I'm gonna arrest those two for DUI, you know, take care of it or whatever. I think that's essentially what he's testified to. That's the only information he was provided</u> probably in a very chaotic circumstance and scene here, but that's my concern.

R.R. at 65a-66a (emphasis added).

Initially, the trial court concluded that even with the lesser burden to show reasonable grounds under the Implied Consent Law, PennDOT could not meet its burden without Trooper Zubovic's testimony. In so doing, and as the trial court expressly acknowledged in its Rule 1925(a) opinion, the trial court erred. <u>Stancavage v. Dep't of Transp., Bureau of Driver Licensing</u>, 986 A.2d 895 (Pa. Cmwlth. 2009).

PennDOT did not need to present testimony of Trooper Zubovic to establish Arresting Officer had reasonable grounds to believe Licensee operated a vehicle under the influence of alcohol based on her statements. <u>Schlag</u>; <u>McCullough v. Dep't of Transp., Bureau of Driver Licensing</u>, 645 A.2d 378 (Pa. Cmwlth. 1994). "It is well settled that the standard for reasonable grounds is not very demanding <u>and the police officer need not be correct in his belief that the motorist had been driving</u> while intoxicated." <u>Sisinni v. Dep't of Transp., Bureau of Driver Licensing</u>, 31 A.3d 1254, 1259 (Pa. Cmwlth. 2011) (emphasis added) (citations omitted).

Significantly, the trial court's Rule 1925(a) opinion recognized that Trooper Zubovic's statements consisted of more than her instructions to Arresting Officer to handle the DUI she witnessed. In pertinent part, the trial court stated:

> [Trooper] Zubovic informed [Arresting Officer] that she had observed [Licensee] and another individual arrive at the scene so that the [Driver] could assist first responders at the scene. [Licensee] had originally been the passenger in the vehicle, but <u>was observed by [Trooper] Zubovic in the driver's seat moving the vehicle to another location. She also related to [Arresting Officer] that she observed [Licensee] to be highly intoxicated</u>. At that point, reasonable grounds had been established upon which [Arresting Officer] could rely in requesting that [Licensee] submit to a blood or breath test regarding his blood alcohol level.

Tr. Ct., Slip Op. at 1 (emphasis added). Trooper Zubovic's statements that she observed Licensee moving the vehicle while he was highly intoxicated conferred reasonable grounds for Arresting Officer's belief that Licensee was operating a vehicle under the influence of alcohol.

There is no dispute as to Licensee's intoxication, and indeed, the trial court stated as much on the record. R.R. at 66a ("let's face it, you were drunk, you never denied that"). Further, Arresting Officer observed Licensee's belligerence, bloodshot eyes and slurred speech, and smelled a strong odor of alcohol emanating from Licensee during their encounter. R.R. at 29a. Because Trooper Zubovic's statements are sufficient bases for Arresting Officer's belief that Licensee operated the vehicle in which he was found while intoxicated, PennDOT established reasonable grounds.

### III. Conclusion

After PennDOT appealed its order, the trial court reviewed the transcript and discovered Arresting Officer's testimony supplied the requisite

10

reasonable grounds.  Based on the trial court's acknowledged error, we reverse the trial court's order and reinstate the suspension of Licensee's operating privilege.


_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard McBeth            :
                                  :

        v.                :    No. 558 C.D. 2018
                                  :

Commonwealth of Pennsylvania,   :
Department of Transportation,    :
Bureau of Driver Licensing,      :
              Appellant    :

## O R D E R

**AND NOW**, this 31st day of January, 2019, the order of the Westmoreland County Court of Common Pleas is **REVERSED**. The 18-month suspension of Richard McBeth's operating privilege is **REINSTATED**.

 

                                        _____

                                        ROBERT SIMPSON, Judge